## Roosevelt C. THOMAS, Appellant,

v.

## OLYMPUS/NELSON PROPERTY MANAGEMENT d/b/a Weyrich Real Estate, Inc., Appellee.

### No. 14–02–01212–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 30, 2003.

Freddie Jackson, Houston, for Appellant.

Peri Hayriye Alkas, Willie Ben Daw, Houston, for Appellee.

Panel consists of Justices YATES, ANDERSON, and FROST.

## ORDER

PER CURIAM.

This is an appeal from a judgment signed August 30, 2002. Appellant filed a timely motion for new trial. Appellant filed his notice of appeal by mailing it on November 12, 2002; it was filed by the district clerk on November 13, 2002. Appellant contends he "filed" an affidavit of indigence on the same day he filed his notice of appeal. On November 22, 2002, the Harris County District Clerk and the official court reporter, Loretta Korzeb, filed contests to appellant's affidavit of indigence. After a hearing, the trial court signed an order sustaining the contests. Accordingly, the record has not been filed in this appeal.

On December 13, 2002, appellant filed a motion with this court requesting that we review the trial court's order sustaining the contest to his affidavit of indigence. The Texas Supreme Court has determined that, under the amended rules of appellate procedure, an indigent party may obtain the record pertaining to the trial court's ruling sustaining the contest to his affidavit of indigence and challenge that ruling as part of his appeal, instead of by mandamus review as was done previously. *See In re Arroyo*, 988 S.W.2d 737, 738–39 (Tex. 1998). Accordingly, we granted appellant's motion to review the trial court's order sustaining the contests to his affidavit of indigency and ordered the clerk and court reporter of the trial court, under Texas Rules of Appellate Procedure 34.5(c)(1) and 34.6(d), respectively, to pre-

pare and file the portions of the record necessary to review the order sustaining the contests to appellant's affidavit of indigence.

On January 16, 2003, the district clerk filed a supplemental clerk's record containing the documents relevant to appellant's indigency claim. The reporter's record from the hearing was filed January 21, 2003.

In their contests to the affidavit, both the District Clerk and the court reporter claimed appellant was not too poor to pay the costs on appeal and demanded strict proof of indigency.[1] The burden of proof at a hearing on a contest to the affidavit of indigency rests on the appellant to sustain the allegations in the affidavit. *Griffin Indus., Inc. v. Thirteenth Court of Appeals*, 934 S.W.2d 349, 351 (Tex.1996); Tex.R.App. P. 20.1(g). The test for indigence is whether a preponderance of the evidence shows that the party would be unable to pay costs "if he really wanted to and made a good faith effort to do so." *Griffin Indus., Inc.*, 934 S.W.2d at 351 (quoting *Allred v. Lowry*, 597 S.W.2d 353, 355 (Tex.1980)). When the trial court sustains a contest, the court of appeals must decide whether the trial court abused its discretion. *White v. Bayless*, 40 S.W.3d 574, 576 (Tex.App.-San Antonio, pet. denied). To show a clear abuse of discretion, the appellant must show that, under the circumstances of the case, the facts and law permit the trial court to make but one decision. *Cronen v. Smith*, 812 S.W.2d 69, 70 (Tex.App.-Houston [1st Dist.] 1991, orig. proceeding).

Appellant did not appear at the hearing and, therefore, the only evidence provided by appellant was his affidavit. In his affidavit, appellant stated:

(1) he is unable to pay any of the appellate costs;

(2) his only income is social security payments of $899.00 per month;

(3) he is unmarried;

(4) he does not have any dependents;

(5) the only property he owns is a bedroom set, cooking utensils, and limited clothing and household linen;

(6) he does not own any real property;

(7) he has "$0.00 in cash and $_____ on deposit";

(8) he has no other assets than those listed in the affidavit; and

(9) his usual monthly expenses are approximately $899.00 per month, which does not include "two (2) other accounts that [he] cannot pay on a regular basis."

He further stated that his counsel is representing him on a contingency fee, but will not pay the costs of an appeal.

In sustaining the contests, the trial court stated his concerns. Specifically, the trial court noted that appellant left blank the portion of the affidavit specifying the amount of money held by appellant on deposit. As the trial court noted, it might assume this to mean appellant was intending to fill in an amount but neglected to do so, especially in light of the fact that appellant specifically listed "$0.00 in cash." The trial court also noted that appellant failed to state the nature and amount of his current employment income or other income. We note, however, appellant did state that his only income is from social security benefits—whether those benefits are disability payments or regular age-based income is unknown. The trial court also determined that appellant had failed

---

**1.** In its contest, the District Clerk also argued the affidavit was not filed with or before the notice of appeal as required by rule 20.1(c)(1) of the Texas Rules of Appellate Procedure. Given our disposition, we need not address this contention.

to sufficiently state whether he had personal property that could be used to pay for the record; rather, appellant merely listed the property he owned. The trial court also found the affidavit lacking in that it did not list appellant's debts and lacked specificity in listing monthly expenses because while it listed certain expenses, it also made vague reference to two other accounts that he was unable to pay on a regular basis. The trial court noted the affidavit wholly failed to provide any information concerning appellant's ability to obtain a loan for court costs.

Under these circumstances, we cannot find the trial court abused its discretion in sustaining the contests to the affidavit of indigency and denying appellant a free copy of the record. Accordingly, appellant is directed to pay the filing fee and pay or make arrangements to pay for the record in this appeal. *See* TEX.R.APP. P. 5, 35.3(a)(2). **Unless appellant pays the $125.00 filing fee and provides this Court with proof of payment for the record within fifteen days of the date of this order, we will dismiss the appeal.** *See* TEX.R.APP. P. 42.3(c), 37.3(b).