TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00111-CV






George H. Gage, Appellant



v.



Ava Arthur and Taneil Gage, Appellee







FROM PROBATE COURT NO. 1 OF TRAVIS COUNTY


NO. 78,585, HONORABLE GUY S. HERMAN, JUDGE PRESIDING






O R D E R




 Appellant George H. Gage has requested review of the trial court's order finding that
he was not entitled to proceed as an indigent and so not entitled to a free record. See Tex. R. App.
P. 20; see generally In re Arroyo, 988 S.W.2d 737, 739 (Tex. 1998). (1) We will sustain the trial
court's order.

 The county clerk and court reporter filed a contest to appellant's affidavit of
indigence. The burden of proof at a hearing on a contest to the affidavit of indigency rests on the
appellant. Griffin Indus., Inc. v. Thirteen Court of Appeals, 934 S.W.2d 349, 351 (Tex. 1996);
Thomas v. Olympus/Nelson Prop. Mgmt., 97 S.W.3d 350, 352 (Tex. App.--Houston [14th Dist.],
order); Tex. R. App. P. 20.1(g). The test for indigence is whether a preponderance of the evidence
shows that the party would be unable to pay costs if he really wanted to and made a good faith effort
to do so. Griffin Indus., Inc., 934 S.W.2d at 351 (quoting Allred v. Lowry, 597 S.W.2d 353, 355
(Tex. 1980)); White v. Bayless, 40 S.W.3d 574, 576 (Tex. App.--San Antonio 2001, pet. denied). 
We review the trial court's decision to sustain a contest to an affidavit of indigence for an abuse of
discretion. Bayless, 40 S.W.3d at 576. An abuse of discretion occurs when the trial judge acts
without reference to any guiding rules or principles, such that the ruling is so arbitrary and
unreasonable as to be clearly wrong. Id.

 The trial court held a hearing on the contest to the affidavit. Present at the hearing
were appellant's wife (at appellant's request), (2) counsel for the administrator of the Estate of Willie
Gage, and a representative from the county clerk's office. The contest centered on the contention
that appellant controlled enough assets through a trust (of which he was the trustee and sole
beneficiary) to pay for the cost of the clerk's and reporter's record. (3) The court established, through
testimony from the county clerk and counsel for the administrator, that appellant had a 100% interest
in the assets of the trust, including "clear title" to a home whose value was $80,000, unencumbered
by a mortgage, and with the taxes and insurance current, paid for with trust assets. Appellant's wife
lives in the house. She has appellant's power of attorney. When asked if she could borrow money
and use the house as collateral, she answered that she could and admitted that she has not even
attempted to obtain a loan. The court found that appellant has title to a home with an appraised value
of $80,000, free and clear, and that money could be borrowed against the house to pay for the appeal.

 In appellant's appeal from the trial court's order, he asserts that the clerk was lying
about appellant's ownership of the house. (4) In his affidavit of indigence, appellant swore that he did
not have "any interest" in real property. Appellant asserted that he did not have control over the
house. At one time, appellant had only a one-half interest in the house. However, by the time of the
current proceeding, he had a one hundred percent interest. He offered no evidence that he had tried
and been unable to secure a loan against the property because of any legal issues. See Bayless, 40
S.W.3d at 575 (failing to pursue and use assets that could be used to provide funds for paying for the
appellate record evidences the opposite of a good faith effort). Although the affidavit itself serves
as evidence and meets appellant's burden to present evidence, that evidence was rebutted. See Tex.
R. App. P. 20.1(g) (concerning inmate affidavits). Accordingly, appellant has not met his burden
to sustain his allegations in the affidavit that he had no assets available that could be used to pay the
costs of the appeal.

 We have sustained the contest to appellant's affidavit of indigency. Accordingly,
appellant is directed to pay the appellate filing fee to this Court. The clerk's record and reporter's
record necessary to evaluate appellant's claim of indigence were prepared without prepayment,
subject to payment if we sustained the contest. Appellant must pay or make payment arrangements
for those records and must pay or make payment arrangements for the record in the substantive
appeal. Appellant must pay the filing fees and provide this Court with proof of payment or payment
arrangements within thirty days of the date of this order. Failure to do so will result in dismissal. 
See Tex. R. App. P. 42.3(c), 37.3(b); see also Olympus/Nelson Prop. Mgmt., 97 S.W.3d at 353.

 It is ordered June 30, 2005.



 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear


Do Not Publish
1. In re Arroyo outlines the procedures for challenging an order sustaining a contest to an affidavit
of indigence. The challenge is handled as part of the appeal; if the appellate court sustains the trial
court order, then the appellant must pay costs or the appeal will be dismissed. 988 S.W.2d 737, 739
(Tex. 1998).
2. Appellant is incarcerated and proceeds pro se. The suit underlying this appeal is a challenge
to the final accounting from the Estate of Willie Gage. Appellant contends that certain assets from
that estate should have been been distributed to his trust. The trial court in its findings of fact and
conclusions of law found that most of the issues appellant attempted to raise were barred by res
judicata.
3. During the hearing, the cost of the record was once given as $1300; another time as $2000.
4. Appellant also contended that the same clerk lied about a previous case when the clerk notified
this Court that appellant was not a party to the case from which he attempted to appeal. See George
H. Gage v. Estate of Artie L. Gage, Sr., No. 03-02-00680-CV, 2002 Tex. App. LEXIS 8535, at *1
(Tex. App.--Austin Dec. 5, 2002).