Opinion on rehearing issued December 2, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00502-CV

———————————

Phyllis Renee Shanklin, Appellant

V.

Texas
Department of Criminal Justice, Appellee



 



 

On Appeal from the 239th District Court

Brazoria County, Texas



Trial Court Case No. 29884

 



MEMORANDUM OPINION
ON REHEARING

After the Texas Department of Criminal Justice (TDCJ) discharged Phyllis
Shanklin from employment in December 2003, she sued for wrongful
termination.  The jury returned a verdict
in favor of the TDCJ, and the trial court entered a take-nothing judgment.  Shanklin filed a notice of appeal from that
judgment along with an affidavit of inability to pay costs of appeal.  The TDCJ and the court reporter contested
Shanklin’s affidavit, and, after hearing, the trial court sustained the
contest.  See Tex. R. App. P.
20.1(a)(2).  Shanklin has moved for
rehearing in her appeal of the trial court’s ruling sustaining the
contest.  We grant rehearing, withdraw our opinion and judgment
of September 10, 2010, and issue the following in their stead.  Our disposition of the case remains
unchanged.  

Finding that the trial court acted
within its discretion, we affirm.  

Background

In the hearing on the indigence
issue, Shanklin testified that she is a college graduate with basic computer
skills and has not been employed since her discharge in December 2003.  According to Shanklin, she had applied for
jobs and did not turn down any job offers, but she did not provide any
specifics or documentation about the types of jobs she applied for or how
frequently she sought employment during the five years since her employment
with the TDCJ ended.  

Other than her affidavit, Shanklin
did not supply any proof of her monthly living expenses.  She estimated that they amount to
approximately $1,500.  Shanklin explained
that she and her eleven-year-old daughter have lived with and received support
from Anthony Mack for the past eleven years, and that Mack claims Shanklin’s
daughter as a dependent on his federal tax return.  Mack pays all of their expenses, which
include food, housing, utilities, cable television, and payments on Shanklin’s
truck note and credit card account.  

Shanklin further testified that she
has an interest in a piece of real estate, for which she pays $140 in annual
property taxes.  Shanklin conceded that
she did not consider selling any of her personal property—which includes a horse,
a small amount of jewelry, some home appliances, and a computer—to help pay for
the costs of appeal.  

With respect to her ability to pay
the estimated $3,000.00 for the reporter’s record, Shanklin testified that she
“didn’t expect the court reporter to [prepare the record] for free,” and that she
could pay something for the reporter’s record, just not the entire amount
estimated.  Shanklin admitted that Mack
would be willing to help pay for the record “if we have anything to
spare.”  But, she explained, “right now
. . . . we’re living paycheck to paycheck.”  

Discussion

Ruling
on indigence contest

Rule 20.1 allows a party to proceed
on appeal without advance payment of costs if (1) the party files an affidavit
of indigence in compliance with the rule, (2) either the claim of indigence is
not contested or the contest is not sustained, and (3) the party timely files a
notice of appeal.  Tex. R. App. P. 20.1(a)(1)–(3).  The affidavit must identify the party filing
it, state the amount of costs the party can pay, if any, and contain complete
information about the party’s financial condition.  Tex.
R. App. P. 20.1(b).  Specifically,
the affidavit must include:

(1)     the nature and amount of the party’s current employment income,
government-entitlement income, and other income;

(2)     the income of the party’s spouse and whether that income is
available to the party;

(3)     real
and personal property the party owns;

(4)     cash the party holds and amounts on deposit that the party may
withdraw;

(5)     the
party’s other assets;

(6)     the
number and relationship to the party of any dependents;

(7)     the
nature and amount of the party’s debts;

(8)     the
nature and amount of the party’s monthly expenses;

(9)     the
party’s ability to obtain a loan for court costs;

(10)   whether an attorney is providing free legal services to the party
without a contingent fee; and

(11)   whether
an attorney has agreed to pay or advance court costs.

Tex. R. App. P. 20.1(b)(1)–(11).  The appellant must file the affidavit of
indigence in the trial court “with or before the notice of appeal.”  Tex.
R. App. P. 20.1(c)(1).  

The district clerk, the court
reporter, or any interested party may contest an affidavit of indigence.  Tex.
R. App. P. 20.1(e).  When, as
here, there is a contest, the appellant must prove her indigence.  Tex.
R. App. P. 20.1(g); Griffin Indus., Inc. v. Thirteenth Court of
Appeals, 934 S.W.2d 349, 351 (Tex. 1996); Jackson v. Tex. Bd. of Pardons
& Paroles, 178 S.W.3d 272, 275 (Tex. App.—Houston [1st Dist.] 2005, no
pet.).  

The test for indigence is whether
the appellant shows by a preponderance of the evidence that she would be unable
to pay the costs of appeal if she “‘really wanted to and made a good faith
effort [to] do so.’”  Arevalo v.
Millan, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.)
(en banc) (quoting Allred v. Lowry, 597 S.W.2d 353, 355 (Tex. 1980)).  

In In re Arroyo, the Texas Supreme Court construed the Texas Rules of
Appellate Procedure to provide for appellate review of a trial court’s order
sustaining a contest to an affidavit of indigence as a matter ancillary to
appellant's appeal.  988 S.W.2d 737,
738-39 (Tex. 1998).  Our task is to
determine whether the court abused its discretion.  See
Jackson, 178 S.W.3d at 275.  The
trial court abuses its discretion when it acts without reference to any guiding
rules or principles; the facts and law permit only one decision, which is the
opposite of the trial court’s decision; and the trial court’s ruling is so
arbitrary and unreasonable as to be clearly wrong.  Arevalo, 983 S.W.2d at 804.

Shanklin’s
proof of indigence

Shanklin testified that she had an interest
in real property and also owned personal property that she could have sold or
used as collateral to obtain a loan, but she admitted that she did not try to
do either.  In addition, in 2006 she
received $8,000 in settlement proceeds from a suit she brought for malicious
prosecution against a department store.  Her
testimony as to her effort to seek employment in the five and a half years
since her last employment was cursory and vague.  

Though Shanklin testified about her
monthly living expenses, she also acknowledged that Mack paid these expenses.  Shanklin also testified that she holds a
Macy’s credit card account, which has an outstanding balance of $900.00.  In response to the trial court’s question,
Shanklin conceded that she had used the credit card between the May 22, 2009,
filing date of her affidavit of indigence and the June 12th hearing.

The record shows that Shanklin
discussed the cost of preparing the appellate record with Mack, and she
testified that she would be able to pay in monthly installments.  She has not, however, made any actual payment
toward the court reporter’s $3,000 estimate for preparing the record.

The trial court could have found Shanklin’s
concessions credible and discounted Shanklin’s other testimony in concluding
that Shanklin did not meet her burden to show a good-faith effort to pay the
costs of the appeal.  The trial court
therefore acted within its discretion in sustaining the contest to Shanklin’s
affidavit of indigence.  See Tex. R. App. P. 20.1(b); Thomas v.
Olympus/Nelson Prop. Mgmt., 97 S.W.3d 350, 352–53 (Tex. App.—Houston [14th
Dist.] 2003, no pet.) (per curiam) (holding that trial court did not abuse its
discretion in sustaining contests to affidavit of indigence where appellant
failed to state whether she had personal property that she could use to pay for
record, and whether she would be able to obtain loan); In re Smith, 70
S.W.3d 167, 169 (Tex. App.—San Antonio 2001, no pet.) (holding that trial court
did not abuse its discretion in sustaining contest to affidavit of indigence
where evidence at trial showed that appellant, among other things, lived in
town house and was purposefully unemployed); Cronen v. Smith, 812 S.W.2d 69, 70 (Tex. App.—Houston [1st Dist.]
1991, original proceeding) (holding that trial court did not abuse discretion
in sustaining contest where evidence conflicted regarding appellant’s
willingness to obtain employment and thereby make good-faith effort to pay
appellate costs); accord Baughman v.
Baughman, 65 S.W.3d 309,  Tex. App.
—Waco 2001, pet. denied) (holding that, for purposes of qualifying for free
record on appeal, voluntary unemployment does not make appellant
indigent).  

Conclusion

We conclude that the trial court
did not abuse its discretion in sustaining the contests to Shanklin’s affidavit
of indigence and denying her a free record on appeal.  We therefore affirm the order of the trial
court and order Shanklin to pay for, or make arrangements to pay for, the
record in this appeal.  See Tex. R. App. P. 35.3.  Unless Shanklin provides the court with proof
of payment for the record within fifteen days of the date of this opinion, we
will dismiss the appeal.  See Tex. R. App. P. 37.3(b), 42.3(c); Arroyo,
988 S.W.2d at 738–39.

All pending motions are dismissed
as moot.

PER CURIAM

 

Panel
consists of Justices Jennings and Bland.[1]











[1]
              Justice
George C. Hanks, Jr. voted as a member of the original panel but has resigned
in the interim.  On rehearing, this case
has been decided by the two remaining justices. 
Tex. R. App. P. 41.1(b).