**Narda M. BROWN and Danny Myles, Appellants,**

v.

**PARIS INDUSTRIAL FOUNDATION, Appellee.**

No. 06–00–00061–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 27, 2001.

Decided Feb. 27, 2001.

Opinion Overruling Rehearing April 19, 2001.

Narda Myles–Brown and Danny Myles, appellants pro se.

Edward D. Ellis, Paris, for Mediator.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Narda Brown and Danny Myles have filed an appeal from a judgment involving land title. They are acting pro se on appeal. The appellants filed a notice of appeal on April 24, 2000, and a docketing statement on May 8, 2000. They also attempted to obtain certification as indigents for purposes of obtaining a free record, but after a hearing the court found they were not indigent and sustained the contest to their indigence.

The record is now at least six months past due. On January 9, 2001, we issued an order in which we ordered them to show, within thirty days, that they had made arrangements to obtain a record. We warned appellants in that order that if they did not make such a showing, we would dismiss the appeal for want of prosecution pursuant to Tex. R. App. P. 37.3(b). No record has been filed. We have contacted the district clerk, who has informed this court that no attempt to obtain a record has been made by the appellants.

The appeal is dismissed for want of prosecution.

## ON MOTION FOR REHEARING

Narda Brown and Danny Myles have filed an appeal from a judgment granted to the Paris Industrial Foundation. They appeal pro se. The appellants filed a Notice of Appeal on April 24, 2000, and a docketing statement on May 8, 2000. They also attempted to be certified as indigents for purposes of obtaining a free record, but the court found they were not indigent. Neither a clerk's nor a reporter's record has been filed. We warned appellants that if no record was filed, their appeal would be dismissed. In the absence of an adequate response, we dismissed their appeal.

On Motion for Rehearing, appellants ask this court to modify securities and decide the sufficiency of sureties in connection with an affidavit of inability to pay costs. However, it is apparent from the body of their motion that their true complaint is that they are now indigent and that they request another hearing on their claim that they are unable to pay costs.

■ Before the 1997 amendments to the Rules of Appellate Procedure, a party who could not pay appellate costs in advance as required by law could perfect an appeal only by filing an affidavit of indigence. If the trial court sustained a contest to the affidavit, the party had no means of invoking the jurisdiction of the appellate court and the only avenue for review was through mandamus. *Smith v. McCorkle*, 895 S.W.2d 692, 693 (Tex.1995). Tex. R. App. P. 25.1(a) now provides that a party may perfect an appeal merely by filing a notice of appeal. An indigent party can now perfect an appeal and challenge the trial court's order sustaining a contest to the party's affidavit of indigence.

The Supreme Court has recognized, however, that this avenue of appeal is not

adequate unless the indigent party can obtain the record pertaining to the trial court's ruling sustaining the contest to the affidavit of indigence. *In re Arroyo*, 988 S.W.2d 737, 739 (Tex.1998). The Court held that a court of appeals:

> [C]an and should, on motion or its own initiative, require the clerk and court reporter under Rules 34.5(c)(1) and 34.6(d), respectively, to prepare and file the portions of the record necessary to review an order sustaining a contest to an affidavit of indigence. This has been the practice for obtaining the relevant record for mandamus review of such orders. The burden of obtaining the relevant portions of the record in this manner should be minimal. If the court of appeals determines that the order sustaining a contest to an affidavit of indigence should be reversed, the appellant can then obtain a full record under Rules 34.5(c)(1) and 34.6(d), and can supplement his or her briefing under Rule 38.7.

*Id.* (footnote omitted).

The Court further reasoned that the court of appeals should not dismiss the appeal under TEX. R. APP. P. 35.3(c) for lack of a record prior to resolving the appellant's challenge to an order sustaining a contest to an affidavit of indigence. The Court also held that we should defer the payment of fees under TEX. R. APP. P. 5 until we determine whether payment is due. Once the trial court's ruling is affirmed, however, the appeals court may dismiss the appeal under TEX. R. APP. P. 37.3(b) if appellant fails to file the clerk's record, and we may then require payment of all fees due.[1]

■ The present case, however, does not fit within those rules. Appellants have not argued that the trial court erred by determining they were not indigent at the time that they received the requisite hearing, but instead now request another hearing because, one year later, they are indigent.

Appellants are not arguing that the trial court was mistaken at the time of its ruling, but that a different ruling would be made if considered at the present time. A party may seek to be certified indigent by filing an affidavit of indigence with or before the notice of appeal. TEX. R. APP. P. 20.1(c). Brown did so, and the trial court ruled on that request. The Rules do not allow a party to come in at a later date and seek to be declared indigent based on a change in circumstances.

The Motion for Rehearing is overruled.

---

1. If a party is required to pay for preparation of the appellate record and does not do so or make arrangements to do so, TEX. R. APP. P. 35.3 excuses the clerk and court reporter from filing the record, and TEX. R. APP. P. 37.3(b) provides that the appeal may be dismissed for want of prosecution.