**Michael RODGERS, Sr., Appellant,**

v.

**Dr. Roderick L. MITCHELL, Appellee.**

No. 06–01–00091–CV.

Court of Appeals of Texas, Texarkana.

Submitted May 8, 2002.

Decided June 27, 2002.

Rehearing Overruled Aug. 27, 2002.

Michael D. Rogers Sr., Dallas, Appellant Pro se.

Jerry Pratt Jr., Attorney at Law, Daingerfield, for Appellee.

Before GRANT, ROSS, and CORNELIUS,* JJ.

## OPINION

Opinion by Justice GRANT.

Michael Rodgers, Sr., appeals from a judgment rendered against him in his malpractice lawsuit against Dr. Roderick L. Mitchell. Rodgers attempted to obtain certification as an indigent from the trial court so he could obtain a free record. The court sustained a contest to his affidavit of indigency. TEX.R.APP. P. 20.1. At this point in the proceeding, we have only Rodgers's contention that the trial court erred by determining he was not indigent.

■■■ The proper avenue for review is to file an appeal and challenge the ruling on indigency. Rodgers has done this, and the district clerk and court reporter have correctly provided this court with a sufficient record for us to be able to review the order sustaining a contest to an affidavit of indigency, as required by *In re Arroyo*, 988 S.W.2d 737 (Tex.1998). TEX.R.APP. P. 25.1(a) provides that a party may perfect an appeal by filing a notice of appeal.

Providing security for costs is no longer a prerequisite to invoking the court of appeals's jurisdiction. Thus, an indigent party is no longer precluded from perfecting an appeal and challenging the trial court's order sustaining a contest to the party's affidavit of indigency as a part of his or her appeal from the judgment. If a party is required to pay for preparation of the appellate record and does not do so or make arrangements to do so, TEX.R.APP. P. 35.3 excuses the clerk and court reporter from filing the record, and TEX.R.APP. P. 37.3(b) provides the appeal may be dismissed for want of prosecution.

■■■ As stated above, the process of filing a mandamus proceeding to review the trial court's ruling on an indigency contest is no longer utilized because there is now an adequate remedy by appeal. *Arroyo*, 988 S.W.2d 737. One question which is neither addressed by the rule nor by the cited cases is whether the complaining party should file an appeal from the ultimate judgment in the case or whether he or she should file a separate appeal from the order on indigency. The Waco Court of Appeals first answered that question in *Nelson v. State*. The court held that a separate notice of appeal is required to appeal the denial of indigency. *Nelson v. State*, 6 S.W.3d 722 (Tex.App.-Waco 1999, order).

That court had not previously held that a separate notice of appeal was necessary to appeal a determination of indigency in either criminal or civil proceedings, and in *Nelson*, the court stated, "In the interest of justice, we will apply this holding prospectively to those determinations of indigency made after the date of this order." *Id.* at 726.

Since then, in *Baughman v. Baughman*, 65 S.W.3d 309 (Tex.App.-Waco 2001, pet.

---

* William J. Cornelius, Chief Justice, Retired, Sitting by Assignment.

denied), the Waco court found no reason to distinguish between indigency appeals in criminal cases and civil cases and held that to "appeal the trial court's order regarding the contest of an indigency affidavit, whether it is sustained or overruled, the complaining party must file a notice of appeal as to that order." *Id.* at 311.

In our case, Rodgers's brief is based solely on the court's conclusion that he was not entitled to indigent status. The Notice of Appeal from that order states he is appealing from the court's order of July 9, 2001, which is the order finding he is not entitled to proceed as an indigent.

The clerk's record also, however, contains a separate Notice of Appeal from the judgment in this case. The judgment was signed June 8, 2001, and the Notice of Appeal from that judgment was filed on June 21, 2001.

We agree with the Waco Court of Appeals that the simplest way to deal with this type situation is to require a party who wishes to appeal from the order on indigency file a separate notice of appeal from its appeal of a judgment. In the present case, that procedure was followed, but when sent to this court and filed by our court, it was set up as a single appeal. We now file the appeal from the judgment under a separate cause number, and we will turn to the merits of that appeal after we determine whether indigency has been shown and thus decide whether a free record is available for that appeal.

■ Our review of a ruling on a motion to proceed as an indigent is governed by an abuse of discretion standard. *De La Vega v. Taco Cabana, Inc.,* 974 S.W.2d 152, 154 (Tex.App.-San Antonio 1998, no pet.). In the trial court, the test for indigency is whether a preponderance of the evidence shows the party would be unable to pay costs "if he really wanted to and made a good faith effort to do so." *White v.*

*Bayless,* 40 S.W.3d 574, 576 (Tex.App.-San Antonio 2001, pet. denied); *Arevalo v. Millan,* 983 S.W.2d 803, 804 (Tex.App.-Houston [1st Dist.] 1998, no pet.).

■ The court must consider only the defendant's personal financial condition, not those of his parents, other relatives, friends, or employers. *Tafarroji v. State,* 818 S.W.2d 921, 923 (Tex.App.-Houston [14th Dist.] 1991, no pet.). Spouses are an exception to this rule. *See Rosales v. State,* 748 S.W.2d 451 (Tex.Crim.App.1987) (community property and spouse's earnings considered in determination of indigency); *Crauder v. State,* 933 S.W.2d 273, 275 n. 2 (Tex.App.-Houston [14th Dist.] 1996, no pet.). This exception is acknowledged by the explicit language of Rule 20.1, which requires the affidavit claiming indigency to provide specific information about the income of the party's spouse and whether that income is available to the party. Tex.R.App. P. 20.1(b)(2).

■ In this case, the evidence shows that the family receives food stamps, that Rodgers receives $675 per month in disability payments, and that the total cash income to the couple per month is $1,038. Rodgers's wife, Rita, testified that she is not presently working, but that she is presently enrolled in college (using financial aid) and attempting to obtain a degree in accounting. On cross-examination, she acknowledged she was able to work, although perhaps not for forty hours per week. The evidence also shows Rodgers had recently received $6,000 and $14,000 through Social Security disability in lump sum payments that he used to buy a car and to make the first and last months' payments to rent a house.

■ At the conclusion of the hearing, the trial court stated that the evidence did not clearly show the disposition of the

$20,000 and noted that the amount of income shown by affidavit did not match the amount shown by the evidence. The court found that Rita Rodgers was voluntarily unemployed and that Michael Rodgers was therefore not relieved from paying the costs of the records for the trial on the merits. The question before this court is whether that decision by the trial court constituted an abuse of its discretion.

■ The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action; rather, it is a question of whether the court acted without reference to any guiding rules or principles. The mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate judge does not demonstrate such an abuse. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985).

It is clear from this record the trial court considered all of the factors presented at the hearing. The income of a spouse is one factor to be considered in determining indigency; thus the court did not err by so doing. We find no principled reason the trial court should not be able to also consider a spouse's voluntary unemployment. The court's order finds support in the evidence, and the mere fact that there is also evidence from which the trial court could have concluded Rodgers was indigent is not sufficient to show the trial court abused its discretion in deciding otherwise.

The trial court's order is affirmed.