In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00075-CR


______________________________




ROBERT HUGH LESTER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 179th Judicial District Court


Harris County, Texas


Trial Court No. 904716




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Robert Hugh Lester has filed a pro se notice of appeal from his conviction, on his plea of
guilty, for burglary of a habitation with intent to commit theft. Sentence was imposed on January
22, 2003. No motion for new trial was filed. Accordingly, the notice of appeal was due within thirty
days of the day sentence was imposed. See Tex. R. App. P. 26.2(a)(1). The thirty days expired on
February 21, 2003. The notice of appeal was filed on March 3, 2003.

 Our jurisdiction is invoked by the timely filing of a notice of appeal. Rodarte v. State, 860
S.W.2d 108 (Tex. Crim. App. 1993). If the notice of appeal is not timely, this Court has no
jurisdiction over the attempted appeal. When a court determines it has no jurisdiction to decide the
merits of an appeal, the proper action is to dismiss. Mendez v. State, 914 S.W.2d 579, 580 (Tex.
Crim. App. 1996).

 We dismiss the appeal for want of jurisdiction.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: April 14, 2003

Date Decided: April 15, 2003


Do Not Publish





"false"
 UnhideWhenUsed="false" QFormat="true" Name="Normal"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00130-CV

                                                ______________________________

 

 

                                          BUDDY KINDLE,
Appellant

 

                                                                V.

 

    UNITED SERVICES AUTOMOBILE ASSOCIATION, ET AL., Appellees

 

 

                                                                                                  


 

 

                                      On Appeal from the 402nd
Judicial District Court

                                                             Wood County, Texas

                                                          Trial Court
No. 2006-360

 

                                                                                                   

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                          Opinion by Justice Carter








                                                                   O P I N I O N

 

             Buddy Kindle sued United Services Automobile
Association, USAA County Mutual Insurance Company, and USAA Casualty Insurance
Company (collectively referred to as USAA).  The trial court granted USAAs traditional
and no evidence motions for summary judgment on March 8, 2011.  In conjunction with his underlying appeal from
the grant of the summary judgments against him, Kindle complains that the trial
court abused its discretion by determining that he was not indigent, and thus,
was not entitled to a free record.  We
determine that no error exists requiring a free record to be provided to Kindle
in pursuit of the merits of his summary judgment appeal.  

            The sequence
of events involving Kindles effort to be declared indigent are procedurally
irregular.  Kindle filed his notice of
appeal from the summary judgment motions on April 5, 2011.  Rule 20.1 of the Texas Rules of Appellate
Procedure generally requires an affidavit of indigence to be filed with or
before the notice of appeal.  Tex. R. App. P. 20.1(c)(1).  However, it was not until April 21, 2011,
that Kindle filed a pro se motion to proceed in forma pauperis.  

            Texas Rule
of Appellate Procedure 20.1(b) also sets forth the information that is to be
contained in the affidavit of indigence. 
Tex. R. App. P.
20.1(b).  In noncompliance with the rule,
Kindles original motion simply stated that he was unable to pay the costs of
court herein in that he is currently unemployed, and is disabled receiving a
small pension from the Veterans Administration.  Because Kindle ha[d] no other disposable
income which would permit him to pay the court costs and his monthly expenses
equal[led] or exceed[ed] his income, Kindle asked the court to proceed in
this cause without the necessity of paying the usual and customary costs of
court.  The trial court granted the
motion on April 27, 2011. 

            On April 28,
2011, a timely contest to the motion was filed by USAA.  The contest complained that Kindles motion
did not comply with the requirements set forth by Texas Rule of Appellate
Procedure 20.1 for affidavits of indigence and that the motion was untimely.  Kindle filed a response to USAAs
contest.  With regard to the timeliness
of his motion, Kindle argued that he did not discover the entry of the courts
judgment until March 22.  While his
counsel received a copy of the judgment on March 24, 2011, Kindle did not
receive a copy of the judgment until April 7, 2011, the date that the notice of
appeal was due.  Thus, Kindle believed he
should have been entitled to additional time to file an affidavit of indigency.[1]   

            In
light of the contest, the trial court set aside its grant of Kindles motion
and set the matter for hearing on May 10, 2011.   On that date, Kindle filed an amended
motion for leave to proceed in forma pauperis, in an attempt to comply with
the requirements of Section 20.1(b). 
Kindle stated he was not currently employed, received a pension of
$985.00 per month, and had no other income. 
The motion recited that he owned no real property.  Any real property alleged to be owned by
movant is subject to a contract for deed on which movant pays and said property
is not Movants to sell or mortgage.[2]  

            At the
hearing, the trial court denied Kindles motion on the basis of timeliness and
noncompliance with Rule 20.1(b).  The
trial court entered a written order denying Kindle a free record on appeal; it
found that Kindle was not indigent and that USAAs contest was well-founded.  On June 9, Kindle filed a notice of appeal from
this determination. 

            A party may
bring an appeal as an indigent, if he complies with Texas Rule of Appellate Procedure
20.1.  Few v. Few, 271 S.W.3d 341, 34445 (Tex.
App.El Paso 2008, pet. denied) (citing Arevalo
v. Millan, 983 S.W.2d 803 (Tex. App.Houston [1st Dist.] 1998, no pet.)).  Pro se litigants are held to the same
standards as licensed attorneys and must comply with all applicable rules of
procedure.  Id. at 345.  Where a litigant
fails to timely file an affidavit of indigency pursuant to Rule 20.1, the trial
court does not abuse its discretion in finding that the litigant is not
indigent.  Id. at 346; In re D.T.K.,
No. 05-10-01613-CV, 2011 WL 6047104, at *1 (Tex. App.Dallas Dec. 5, 2011, no
pet. h.) (mem. op.). 

            When a trial
court sustains a contest to an affidavit of indigence, we review the trial
courts ruling under an abuse of discretion standard.  Few,
271 S.W.3d at 354; Rodgers v. Mitchell,
83 S.W.3d 815, 818 (Tex. App.Texarkana 2002, no pet.).  The test for abuse of discretion is not
whether, in the opinion of the reviewing court, the facts present an
appropriate case for the trial courts action; rather, it is a question of
whether the court acted without reference to any guiding rules or principles.  Rodgers,
83 S.W.3d at 819.  The mere fact that a
trial court may decide a matter within its discretionary authority differently
than an appellate judge does not demonstrate such an abuse.  Id. (citing
Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238 (Tex. 1985)).

            In Rhodes v. Honda, we previously explained that while Rule 20.1 of
the Texas Rules of Appellate Procedure provides the procedural vehicle for
seeking a free record, Section 13.003 of the Texas Civil Practice and Remedies
Code is the statutory underpinning for the provision of a clerks and reporters
record without cost in a civil appeal. 
246 S.W.3d 353, 355 (Tex. App.Texarkana 2008, no pet.); Tex. Civ. Prac. & Rem. Code Ann. § 13.003
(West 2002).  Section 13.003 states: 

a court reporter shall provide without
cost a statement of facts and a clerk of a court shall prepare a transcript for
appealing a judgment from the court only if:

 

            (1)        an affidavit of inability to pay the
cost of the appeal has been filed under the Texas Rules of Appellate Procedure;
and 

 

            (2)        the trial judge finds: 

 

            (A)       the appeal is not frivolous; and 

            (B)       the statement of facts and the clerks
transcript is needed to decide the issue presented by the appeal. 

 

Tex. Civ. Prac. &
Rem. Code Ann. § 13.003(a).  We wrote [a]pplying the terms of that section
as written, a trial court may order the clerk and reporter to prepare a record
without charge only if the party is found to be indigent and if the required
findings are made.  Rhodes, 246 S.W.3d at 355. 
Thus, because the trial court made neither a finding that the appeal is
not frivolous nor did it find that a statement of facts and a clerks record
were needed to decide the issue presented by the appeal, and no request for
such a finding was made, we found no abuse of discretion in the trial courts
order denying preparation of a free record. 
Id. at 356.  (Indeed, had the court ordered a free record
to be prepared without making such findings, it would have been in violation of
the statutory requirements.).[3]


            In this
case, by failing to obtain or request the findings required by Section 13.003,
[Kindle] has failed to meet statutory requirements for receiving a record free
of charge and has failed to preserve any complaint or error upon which we could
reverse the trial courts order denying his relief.  Schlapper
v. Forest, 272 S.W.3d 676, 678 (Tex. App.Austin 2008, pet. dismd).  Therefore, we find the trial court did not
abuse its discretion in denying Kindles motion.  Kindles point of error is overruled. 

            This
decision is not a final determination on the merits and does not foreclose Kindle
from presenting his arguments against the trial courts judgment on appeal.  This decision only affirms the trial courts
finding that appellant is not entitled to a free record on appeal.  Id.


            We affirm the indigency
determination.

            

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          December
20, 2011     

Date Decided:             December
21, 2011











[1]USAA
also contested the merits of the indigency motion.  Because a contest was filed by USAA, Kindle
bore the burden of proving his indigency. 
Tex. R. App. P.
20.1(g).  By a preponderance of the
evidence, [t]he party must prove and the trial court must determine whether
[he] would be unable to pay if [he] really wanted to and made a good faith
effort to do so. Griffin Indus., Inc.
v. Honorable Thirteenth Court of Appeals, 934 S.W.2d 349, 356 (Tex. 1996) (quoting
Allred v. Lowry, 597 S.W.2d 353, 355
(Tex. 1980)).  Testimony was presented
describing assets owned by Kindle, his Veterans disability status, prior
business interests, and other matters. 
For reasons set out in the opinion, we do not address the merits of
whether Kindle proved he was indigent by a preponderance of the evidence.  

 





[2][I]f
the affidavit provides sufficient information to prove by a preponderance of
evidence that the party is unable to pay costs on appeal, the affidavit is
sufficient, even if information on each of the twelve items listed in Rule
20.1(b) is not included.  In re C.H.C., 331 S.W.3d 426, 429 (Tex.
2011).  





[3]We
distinguish the cases of Sprowl v. Payne,
236 S.W. 3d 786, 787 ( Tex. 2007), and Higgins
v. Randall County Sheriffs Office, 193 S.W.3d 898 (Tex. 2006), which
overruled dismissals of appeals for failure to strictly comply with
requirements of Rule 20.1.  Here, we
analyze the trial courts ruling for an abuse of discretion; the indigency
appeal is not dismissed, but the judgment of the trial court is affirmed.