IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00046-CV

 

Barry Wion,

                                                                      Appellant

 v.

 

Doug Dretke, HUGHES UNIT,

TEXAS DEPARTMENT OF CRIMINAL

JUSTICE-CORRECTIONAL INSTITUTIONAL

DIVISION, A. R. MASSINGILL,

OFFICER MOORE, LT. M. A. GLIMP,

OWEN MURRAY, D.O., University of

Texas Medical Branch – Correctional

Managed Health Care,

JOSEPHINE SESSIONS, MARY E. 

RANDLE, JOHN DOE MEL WRIGHT,

AND VALENCIA POLLARD

                                                                      Appellees

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court No. COT-04-35630

 



MEMORANDUM  Opinion










 

 

          This is a review of two orders.  The
first order denied Barry Wion’s motion to pursue this appeal without paying
costs and fees.  The second is an order denying a temporary injunction. 
Because a timely contest was not filed, Wion may proceed with his appeal
without advanced payment of costs.  However, because Wion neither pled nor
proved the necessary elements to obtain a temporary injunction, the trial
court’s judgment is affirmed.

Indigence Appeal

          In his first issue, Wion argues that
the trial court erred in denying his motion to proceed as a pauper.  Rule 20.1
defines the procedure for establishing indigence on appeal.  See Tex. R. App. P. 20.1.  Wion filed a
Motion to Proceed Informa Pauperis with an affidavit of indigence and his
notice of appeal in compliance with Rule 20.  See Tex. R. App. P. 20.1(a), (b).  Twenty
days later, the trial court issued an order denying Wion’s motion.  Thirty-two
days later, the court reporter filed with the trial court clerk a letter of
contest to be mailed to the appellate court clerk.  Wion filed in this Court a
motion to strike the reporter’s contest.  No other contests were filed.

          Our review of a ruling on a motion to
proceed as an indigent is governed by an abuse of discretion standard.  Rodgers
v. Mitchell, 83 S.W.3d 815, 818 (Tex. App.—Texarkana 2002, pet denied). 
The contest filed by the reporter was untimely.  Tex. R. App. P. 20.1(e).  Thus, because no contest was timely
filed, Wion’s allegations in his affidavit “will be deemed true, and the party
will be allowed to proceed without advance payment of costs.”  Tex. R. App. P. 20.1(f).  In other
words, if there is no timely filed contest, the trial court is required to
accept the allegations in the affidavit as true and the party is entitled to
the exemption from costs.  See Rios v. Calhoun, 889 S.W.2d 257,
258 (Tex. 1994).  The trial court cannot interfere with that entitlement.  See
id at 258-259.  Because the trial court rendered an order denying Wion’s
motion to proceed without a timely contest being filed, the trial court abused
its discretion.  We sustain Wion’s first issue; and, therefore, Wion may
proceed with his appeal without advanced payment of costs.  

          Having determined that Wion may
proceed with his appeal without advanced payment of costs, his motion to strike
the reporter’s contest is dismissed as moot.

Appeal of the Denial of
a Temporary Injunction

          In his second issue, Wion contends the
trial court erred in refusing to issue a temporary injunction.  A temporary
injunction is an extraordinary remedy and does not issue as a matter of right. 
Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002).  To obtain a
temporary injunction, the applicant must plead and prove three specific
elements:  (1) a cause of action against the defendant; (2) a probable right to
the relief sought; and (3) a probable, imminent, and irreparable injury in the
interim.  Id. (emphasis added).  Whether to grant or deny a temporary
injunction is within the trial court's sound discretion.  Id.  A
reviewing court should reverse an order granting injunctive relief only if the
trial court abused that discretion.  Id.

          Wion’s temporary injunction does not
plead any of the three specific elements necessary to obtain a temporary
injunction.  Additionally, Wion did not present any evidence at the hearing on
the temporary injunction.  Thus, neither did Wion prove any of the specific
elements necessary to obtain a temporary injunction.  Because Wion neither pled
nor proved the necessary elements, the trial court did not abuse its discretion
in refusing to issue the temporary injunction.  Wion’s second issue is
overruled.

 

 

Issue of Proper Party
is Moot

          Wion’s third issue asks this Court to
determine whether the trial court erred in ruling that Wion requested an
injunction against the wrong party.  Because of our disposition of issue two,
issue three is now moot.

Conclusion

          Having disposed of Wion’s issues on
appeal, the trial court’s order denying Wion’s motion to proceed as a pauper on
appeal is reversed, and the judgment of the trial court denying the temporary
injunction is affirmed.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Reversed
and rendered in part, affirmed in part

Motion
to strike dismissed as moot

Opinion
delivered and filed October 19, 2005

[CV06]