Opinion filed April 6, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed April 6, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                         No. 11-04-00186-CV

                                                    __________

 

                              IN THE INTEREST OF A.N.B., A CHILD

 



 

                                         On
Appeal from the 326th District Court

 

                                                          Taylor
County, Texas

 

                               Trial
Court Cause No. 33,638-C/Indigence Hearing

 



 

                                            M
E M O R A N D U M    O P I N I O N 

This is an appeal from the trial court=s order sustaining the contests to an
affidavit of inability to pay the costs on appeal.  We affirm.

Shelia Kay Barnes originally perfected an appeal
from an order modifying the parent-child relationship.  That appeal is pending in this court as
Appellate Cause No. 11-04-00148-CV. 
Barnes also filed an affidavit of inability to pay costs on appeal.  Contests to the affidavit were timely filed,
a timely order extending the time for a hearing was entered, and a hearing was
conducted within the designated time frame. 
Tex. R. App. P. 20.1(e),
(i).  After the hearing, the trial court
found that Barnes had not established by a preponderance of the evidence that
she was indigent and sustained the contests.








In five issues, Barnes challenges the trial court=s order.  She argues that the trial court abused its
discretion by sustaining the contests and denying her request for a free
appellate record.  Barnes also challenges
the trial court=s
findings of fact and conclusions of law.

Tex. R.
App. P. 20.1(g) provides that, A[i]f
a contest is filed, the party who filed the affidavit of indigence must prove
the affidavit=s
allegations.@  On appeal, the standard of review is abuse of
discretion.  Rodgers v. Mitchell,
83 S.W.3d 815 (Tex. App.CTexarkana
2002, no pet.); White v. Bayless, 40 S.W.3d 574 (Tex. App.CSan Antonio 2001, pet. denied); Arevalo
v. Millan, 983 S.W.2d 803 (Tex. App.CHouston
[1st Dist.] 1998, no pet.).

In her affidavit, Barnes stated that her only
income was $188 a month from AFDC, that she had $10 in cash and $50 in savings,
and that her monthly expenses totaled $720. 
Barnes further stated that she had no assets, that she had more than
$20,000 in debt, and that she was in bankruptcy. 

At the hearing, Barnes told the trial court that
her mother was paying her expenses, that all her debt was a result of her
ex-husband not meeting his financial obligations, and that her parents had
applied for a loan in 2002 to finance court transcripts for her.  Barnes stated that her ex-husband had Astolen all@
of her separate and community property and assets which totaled more than
$250,000 and that the attorney who had previously represented her had Arun off@
with her money and had Aeven
lied to the Court in regards to the money.@

Barnes further stated that she had been living Aoff and on@
with her parents in the Beaumont- Port Arthur area.  Her ex-husband owed her at least $7,500.  Barnes had applied for Social Security
Disability Benefits and was hopeful that some day she could be employed.

 Barnes
stated that she was not able to work but that she was able to write, to sit
through the court proceedings, and to represent herself. Barnes told the trial
court, AI=m not sitting in this wheelchair today
just to try to look like I have problems.@  She had asked various friends, relatives, and
organizations for a loan but had not submitted an application to a bank.  Other than her parents, Barnes could not
remember the names of anyone she had approached for a loan.  Barnes was three hours short of a college
degree, was a licensed paralegal, and had worked as a paralegal since
1995.   She stated that she had not sought
employment in the Beaumont-Port Arthur area. 
No exhibits were admitted into evidence, and Barnes was the only
witness.








The record before this court does not support
Barnes=s claims
that the trial court abused its discretion by sustaining the contests.  We disagree with Barnes=s arguments that there is no evidence
or insufficient evidence to support the trial court=s
findings and conclusions or that the trial court=s
findings were against the great weight of the evidence.  In reviewing the record, we note that Barnes
did not sustain her burden of proof pursuant to Rule 20.1(g).

All of Barnes=s
contentions have been considered.  Each
is overruled.

The order of the trial court is affirmed.

 

PER CURIAM

 

April 6, 2006

Panel
consists of: Wright, C.J., and

McCall,
J., and Strange, J.