Opinion filed August 14, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed August 14,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00124-CV

                                                    __________

 

                              CAROL JOHNENE MORRIS, Appellant

 

                                                             V.

 

                JERRY
BUNDICK, CHIEF APPRAISER ET AL, Appellees

 



 

                                         On
Appeal from the 238th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CV46225

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

This
is a pro se appeal from an order sustaining contests to Carol Johnene Morris=s claim for a free court
record.  We affirm.








On
January 11, 2008, Morris filed a notice of appeal from the denial of summary
judgment.[1]  On January
14, 2008, Morris filed an affidavit of indigency with respect to her notice of
appeal from the denial of summary judgment.  On January 22, 2008, both the
district clerk and the official court reporter filed a contest to Morris=s affidavit of inability to
pay costs on appeal.  The trial court held a hearing concerning the contests on
January 31, 2008, and entered an order on February 1, 2008, sustaining the
challenges to Morris=s
claim of indigence.  Morris filed a notice of appeal from the denial of her
entitlement to proceed in forma pauperis, and on May 7, 2008, she filed a brief
relating to indigence.

Morris
contends that the contests and the hearing were untimely.  We disagree.  The
affidavit of indigency with respect to this case was filed on January 14, and
the contests were filed on January 22.  The contests were, therefore,
timely under Tex. R. App. P.
20.1(e) (allowing ten days from date of filing of affidavit to file contest). 
Because the hearing was conducted within ten days of the filing of the
contests, it was timely under Tex. R.
App. P. 20.1(i)(2)(A).

With
respect to Morris=s
indigence, the trial court found that Morris owns the following:  a functioning
business, Morris Services; more than twenty separate real properties listed on
the tax rolls of Midland County, including at least three rental houses and
rent-producing buildings; an evening entertainment club in Midland known as APleasures@; two motor vehicles; and a
four-bedroom home.  The trial court also found that Morris=s properties generate
income, that she has an existing income-producing contract with the City of
Midland, and that Morris=s
real property and income productivity are available but have not been utilized
to defray the expense of the court record.  The trial court concluded that
Morris has not met her burden of proof on indigence and that Morris has the
financial ability to pay for the clerk=s
record and the court reporter=s
record.

The
trial court=s findings
are supported by the testimony from the indigency hearing.  The reporter=s record reflects that
Morris testified at the hearing, admitting that she owns more than twenty-one
real properties in Midland County plus a nice four-bedroom home.  Morris also
testified that she owns APleasures,@ a late night club.  Morris
testified that none of her real estate properties are currently listed for sale
and that she does not intend to sell any of the real property or personalty
that she inherited from her parents.  Morris testified that she is
self-employed and has a contract with the City of Midland Ato do lots.@  In her affidavit of
indigency, Morris stated that the income she received from the City of Midland
for mowing lots was $744 per month.  Morris testified that she receives
additional rental income of approximately $1,000 per month.








Morris
had the burden to prove her indigence.  Tex.
R. App. P. 20.1(g).  The burden in the trial court has been stated as
follows, A[T]he test
for indigency is whether a preponderance of the evidence shows the party would
be unable to pay costs, >if
(s)he really wanted to and made a good faith effort [to] do so.=@  Arevalo v. Millan, 983 S.W.2d 803,
804 (Tex. App.CHouston
[1st Dist.] 1998, no pet.) (citing Allred v. Lowry, 597 S.W.2d 353, 355
(Tex.1980)).  On appeal, the standard of review is abuse of discretion.  Rodgers
v. Mitchell, 83 S.W.3d 815 (Tex. App.CTexarkana
2002, no pet.); White v. Bayless, 40 S.W.3d 574 (Tex. App.CSan Antonio 2001, pet.
denied); Arevalo, 983 S.W.2d at 804.  After reviewing the record from
the indigency hearing, we cannot hold that the trial court abused its
discretion in sustaining the contests.

The
order of the trial court is affirmed.

 

 

PER CURIAM

 

August 14, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]That appeal is our Cause No. 11-08-00013-CV and is this
same day dismissed for want of jurisdiction.