# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00515-CV

**Kristofer Thomas Kastner, Appellant**

**v.**

**Texas Board of Law Examiners, et al., Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. D-1-GN-08-001085, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Kristofer Thomas Kastner appeals from a district court order sustaining a contest to his affidavit of inability to pay appellate costs. We will affirm the order.

In April 2008, Kastner sued the State, the board of law examiners, and several of the board's present and former members, executive directors, and employees alleging they had violated various constitutional and statutory requirements in refusing to issue him a law license, despite his having passed the bar in 1999, based on the moral character and fitness requirement.[1] Over the last decade, Kastner has litigated similar or related complaints—and similar claims to indigent status in those proceedings—in numerous Texas state and federal courts.[2] Responding to

---

[1] *See* Tex. R. Gov. Bar Admis. IV.

[2] *See Kastner v. Texas Bd. of Law Exam'rs*, 278 Fed. Appx. 346, 2008 U.S. App. LEXIS 10416 (5th Cir. 2008); *Kastner v. Texas Bd. of Law Exam'rs*, No. 07-CV-086-SS, 2007 U.S. Dist. LEXIS 9030 (W.D. Tex. 2007); *see also Kastner v. State*, No. 01-08-00894-CV, 2009 Tex. App. LEXIS 3150 (Tex. App.—Houston [1st Dist.] May 7, 2009, no pet. h.) (mem. op.) (suing

the suit that is at issue in this proceeding, appellees filed a plea to the jurisdiction, contending that Kastner's claims were barred because he had not yet exhausted his administrative remedies before the board. On June 23, 2008, the district court granted the plea and rendered judgment dismissing all of Kastner's claims. On July 16, Kastner appealed from this judgment, and we docketed that proceeding under Cause No. 03-08-00678-CV (the "main appeal").

With his notice of appeal, Kastner filed in the district court an affidavit of inability to pay appellate costs and a request for a free record. *See* Tex. R. App. P. 5, 20.1(a)-(d), 35.3(a)(2) & (b)(3). Appellees timely filed a contest to Kastner's affidavit of indigence, *see* Tex. R. App. P. 20.1(e),[3] and set the contest for hearing on July 24. On July 23, Kastner filed a response to the contest. He also filed a motion requesting a hearing by telephone, representing that he would be unable to attend the hearing in person because he lived in Houston and could not afford a bus ticket to travel to Austin.[4] The district court denied Kastner's request to appear telephonically and the hearing went forward as scheduled. At the conclusion of the hearing, the district court signed

---

State of Texas, Harris County, and various state officials for denying him free record on appeal); *Kastner v. Martin & Drought, Inc.*, No. 04-07-00342-CV, 2009 Tex. App. LEXIS 701 (Tex. App.—San Antonio Feb. 4, 2009, pet. filed) (mem. op.) (suing law firm for alleged legal malpractice and breach of fiduciary duty in representing Kastner before board of law examiners); *Kastner v. Guttermax*, No. 14-08-00506-CV, 2008 Tex. App. LEXIS 7731 (Tex. App.—Houston [14th Dist.] Oct. 9, 2008, no pet.) (mem. op.) (suing former employer for alleged defamatory statements made to board of law examiners); *Kastner v. Martin & Drought, Inc.*, No. 04-07-00342-CV, 2007 Tex. App. LEXIS 8626, at *5-9 (Tex. App.—San Antonio Oct. 31, 2007, pet. denied) (mem. op.) (in above suit against law firm, addressing Kastner's claim of indigence).

[3] In fact, the copy of the contest in the clerk's record was file-stamped on July 15—one day before the district clerk filed the affidavit itself.

[4] Kastner represented that the cost of the bus ticket was "$30.85 dollars each way."

2

an order sustaining appellees' contest to Kastner's affidavit. Kastner then timely filed a notice of appeal from the district court's order sustaining the contest, which we docketed separately under the above cause number ("this appeal").[5]

The test for determining indigence in the trial court is whether the applicant shows, by a preponderance of the evidence, that he would be unable to pay the appellate costs, or a part thereof, "if he really wanted to and made a good faith effort to do so." *Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008) (quoting *Pinchback v. Hockless*, 164 S.W.2d 19, 20 (Tex. 1942)). Where a trial court sustains a contest, we review that determination for abuse of discretion. *Rodgers v. Mitchell*, 83 S.W.3d 815, 818 (Tex. App.—Texarkana 2002, no pet.); *White v. Bayless*, 40 S.W.3d 574, 576 (Tex. App.—San Antonio 2001, pet. denied); *Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.). A trial court abuses its discretion when its decision is arbitrary, unreasonable, or without reference to any guiding rules or legal principles. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000).

Kastner, in substance, argues that the district court abused its discretion in sustaining appellees' contest because the evidence established that he was, in fact, indigent and unable to afford

---

[5] In *this* appeal, consistent with the supreme court's directives, Kastner has been permitted to proceed without advance payment of costs, and the district clerk and court reporter have prepared and filed the portions of the record necessary for us to review the order sustaining the contest. *See In re Arroyo*, 988 S.W.3d 737, 738-39 (Tex. 1998).

After filing his notice of appeal from the contest order, Kastner filed in this appeal a second affidavit of indigence seeking exemption from advance payment of costs, accompanied by a motion for extension of time to file it. *See* Tex. R. App. P. 20.1(c)(1), (3). This prompted appellees to file a contest to the new affidavit. As Kastner's additional affidavit was not required for him to proceed without pre-payment of costs in this appeal, we dismiss as moot both his motion to extend time to file the affidavit and appellees' contest to the affidavit.

appellate court costs.[6] Although Kastner did not present evidence at the hearing, the district court stated on the record that, at Kastner's request, it had considered his affidavit. Appellees also introduced the affidavit into evidence at the hearing, along with copies of "supplemental inability documents" Kastner had filed in this Court. Kastner's affidavit, dated March 28, 2008, averred that he earned approximately $2,000 per month gross and $1,947 net "working as a consumer interviewer at the Gallup Organization," that he had no other source of income, and that he was unmarried and supported only himself. Kastner further stated that he owned "less than approximately $3,000 worth of personal property," that he did not own a car, and that his bank account was overdrawn, but that he had "academic degrees . . . worth in excess of $150,000." Kastner claimed monthly expenses of $580 in rent, $51 for storage, $77 "to the State of Texas," $40 for transportation, and $100-200 in food—and $50-70 in monthly "office expenses, including copies, postage, and supplies" related to his pro se prosecution of the case. Kastner elaborated that "I am involved in other litigation and owe over $350 to the Harris County clerk," but that "I am currently operating" under indigent status in both the United States District Court for the Western District of Texas and the Fifth Circuit.

---

[6] Appellees have moved to dismiss both this appeal and the main appeal on grounds of mootness. They attach a final order of the board, dated December 17, 2008, holding that Kastner "does not possess the present good moral character or fitness required for admission to the practice of law in Texas," that his 1999 bar exam score was no longer valid, and that he would be permitted to re-apply for admission and a re-determination of his moral character and fitness only after two years had expired. We disagree that any possible implications of this order in the main appeal moots the antecedent question, presented in this appeal, of whether Kastner is entitled to a free record in the main appeal. Among other things, we would ultimately look to any record in the main appeal in determining whether Kastner's claims are, in fact, moot. Accordingly, we overrule appellees' motion to dismiss this appeal. In light of this, we also dismiss as moot the "request for record" Kastner filed in this appeal in response to the dismissal motion. These rulings expressly do not extend to the counterpart motions the parties filed in the main appeal, which remain pending.

4

Kastner emphasized, "I am pro se in these cases and my licensure case and work on them on my weekends and in my spare time."

Kastner's "supplemental inability documents" included pay stubs from late June and early July 2008 reflecting that Kastner had worked between only 14.5 and 31 hours per week and was also drawing unemployment benefits. Appellees also introduced into evidence a Fourth Court of Appeals opinion that addressed one of Kastner's attempts to proceed as an indigent before that tribunal. Among other things, our sister court quoted hearing testimony in which Kastner admitted he had reduced his work hours (and income) in order to work on his pro se lawsuits.[7]

As our sister court concluded, "[t]here is evidence that Kastner, a law school graduate, is voluntarily underemployed and could earn more money if he so desired" and that he "does have disposable income each month from which he could make payments for the records."[8]

---

[7] *Kastner*, 2007 Tex. App. LEXIS 8626, at *5-9.

Kastner has filed in this Court a "motion to supplement appellate record" with proof of events subsequent to the order on appeal: (1) that in November 2008, another federal judge allowed him to proceed as an indigent under the federal rules; (2) pay stubs purportedly demonstrating that "he is still earning the same amount of money he has been earning," and (3) correspondence ostensibly demonstrating that he "has been looking for work in order to increase his income." We overrule the motion. *See Brown v. Paris Indus. Found.*, 46 S.W.3d 321, 323 (Tex. App.—Texarkana 2001, pet. dism'd) (after appellant obtains trial court ruling on indigent status, "[t]he Rules do not allow a party to come in at a later date and seek to be declared indigent based on a change in circumstances."). For the same reasons, we also overrule Kastner's July 20, 2009, "Motion to Dismiss Appeal," in which he seeks to replace the indigence affidavit that is the subject of this appeal with another updated version.

[8] *See id*. at *8-9.

5

The district court did not abuse its discretion in sustaining appellees' challenge to Kastner's affidavit of inability to pay costs in the main appeal.[9]

Beyond this, Kastner urges that he was "entitled to attend and argue at the hearing," and that the district court deprived him of this right by refusing to permit him to participate by telephone when he "was unable to attend the hearing due to his financial inability." The record reflects that Kastner had notice of the hearing and that the district court heard evidence—including Kastner's own affidavit—that he could have attended the hearing if he had wanted to. We also observe that the Travis County Local Rules prohibited the district court from conducting the evidentiary hearing on the contest by telephone. *See* Travis County Loc. R. 9.1.

We affirm the district court's order sustaining appellees' contest to Kastner's affidavit of inability to pay costs in the main appeal.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: August 12, 2009

---

[9] Also, while appellees have not raised the issue, we note that Kastner failed to obtain the findings required by 13.003(a) of the civil practice and remedies code in order to obtain a free appellate record. *See* Tex. Civ. Prac. & Rem. Code Ann. § 13.003(a) (West 2002); *Schlapper v. Forest*, 272 S.W.3d 676, 677-78 (Tex. App.—Austin 2008, pet. denied).