Opinion filed February 16,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00183-CV 

                                                    __________

 

                               PAUL
J. DELLA ROCCO, Appellant

 

                                                             V.

 

                                       JOSEPH
OEI, MD, Appellee



 

                              On
Appeal from the County Court at Law No. 2

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CC15143

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This
is an appeal from an order of the trial court determining that Paul J. Della
Rocco is not entitled to proceed in forma pauperis.  Originally, Della Rocco filed
an appeal from the trial court’s dismissal of his health care liability suit,
our Cause No. 11-11-00063-CV.  Upon being notified that the filing fees and the
record were due, appellant filed in this court an affidavit of indigence.  The
court reporter, the district clerk, and Joseph Oei, MD each filed a contest. Pursuant
to Tex. R. App. P. 20.1, we referred
the matter to the trial court.  After a hearing, the trial court entered an
order denying Della Rocco’s indigent status.  Della Rocco filed a notice of
appeal from that order.

            The
record shows that the trial court timely conducted a hearing on June 27, 2011,
and entered an order effectively sustaining the contests under Rule 20.1(i).  Della
Rocco had the burden at that hearing to prove his indigence.[1] 
Rule 20.1(g).  The burden in the trial court has been stated as follows, “[T]he
test for indigency is whether a preponderance of the evidence shows the party
would be unable to pay costs, ‘if (s)he really wanted to and made a good faith
effort do so.’”  Arevalo v. Millan, 983 S.W.2d 803, 804 (Tex.
App.—Houston [1st Dist.] 1998, no pet.) (citing Allred v. Lowry, 597
S.W.2d 353, 355 (Tex. 1980)).  On appeal, the standard of review is abuse of
discretion.  Rodgers v. Mitchell, 83 S.W.3d 815 (Tex. App.—Texarkana
2002, no pet.); White v. Bayless, 40 S.W.3d 574 (Tex. App.—San Antonio
2001, pet. denied); Arevalo, 983 S.W.2d at 804.

            The record from the hearing shows that appellant failed to appear after being
duly notified by certified mail.  The trial court noted that the return of
service was in the court’s file, indicating that Della Rocco received notice of
the hearing.  Della Rocco, therefore, failed to meet his burden of proof at the
hearing.  After reviewing the record from the June 27, 2011 hearing on
indigence, we cannot hold that the trial court abused its discretion in
sustaining the contests.   

The
order of the trial court is affirmed.  

 

PER CURIAM

 

February 16,
2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.

 

 









[1]We note that Della Rocco was not incarcerated and that,
therefore, he was not excused from his burden of proof pursuant to Rule
20.1(g).