**Opinion filed February 16, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00183-CV

_____

## PAUL J. DELLA ROCCO, Appellant

## V.

## JOSEPH OEI, MD, Appellee

On Appeal from the County Court at Law No. 2

Midland County, Texas

Trial Court Cause No. CC15143

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order of the trial court determining that Paul J. Della Rocco is not entitled to proceed in forma pauperis. Originally, Della Rocco filed an appeal from the trial court's dismissal of his health care liability suit, our Cause No. 11-11-00063-CV. Upon being notified that the filing fees and the record were due, appellant filed in this court an affidavit of indigence. The court reporter, the district clerk, and Joseph Oei, MD each filed a contest. Pursuant to TEX. R. APP. P. 20.1, we referred the matter to the trial court. After a hearing, the

trial court entered an order denying Della Rocco's indigent status. Della Rocco filed a notice of appeal from that order.

The record shows that the trial court timely conducted a hearing on June 27, 2011, and entered an order effectively sustaining the contests under Rule 20.1(i). Della Rocco had the burden at that hearing to prove his indigence.[1] Rule 20.1(g). The burden in the trial court has been stated as follows, "[T]he test for indigency is whether a preponderance of the evidence shows the party would be unable to pay costs, 'if (s)he really wanted to and made a good faith effort do so.'" *Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (citing *Allred v. Lowry*, 597 S.W.2d 353, 355 (Tex. 1980)). On appeal, the standard of review is abuse of discretion. *Rodgers v. Mitchell*, 83 S.W.3d 815 (Tex. App.—Texarkana 2002, no pet.); *White v. Bayless*, 40 S.W.3d 574 (Tex. App.—San Antonio 2001, pet. denied); *Arevalo*, 983 S.W.2d at 804.

The record from the hearing shows that appellant failed to appear after being duly notified by certified mail. The trial court noted that the return of service was in the court's file, indicating that Della Rocco received notice of the hearing. Della Rocco, therefore, failed to meet his burden of proof at the hearing. After reviewing the record from the June 27, 2011 hearing on indigence, we cannot hold that the trial court abused its discretion in sustaining the contests.

The order of the trial court is affirmed.

PER CURIAM

February 16, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

---

[1]We note that Della Rocco was not incarcerated and that, therefore, he was not excused from his burden of proof pursuant to Rule 20.1(g).