**Appeal Reinstated and Order filed August 13, 2020**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-19-00624-CV
_____

**EDWARD A. LANE, Appellant**

**V.**

**JAMES S. MCCORMICK, Appellee**

---

**On Appeal from the County Court at Law
Washington County, Texas
Trial Court Cause No. CCL-8499**

---

### ORDER

Appellant appeals from a judgment signed August 7, 2019. Appellant filed his notice of appeal on August 8, 2019. On February 5, 2020, appellant filed a Statement of Inability to Afford Payment of Court Costs.

The court reporter filed a contest to appellant's Statement of Inability. A hearing was held on March 6, 2020, and the trial court signed an order sustaining the contest and ordering appellant to pay costs.

A party who files a Statement of Inability may be required to prove the inability to afford payment of costs at an evidentiary hearing, but the party may not be required to pay court costs unless the trial court holds an evidentiary hearing,

with proper notice given to the declarant. *See* Tex. R. Civ. P. 145(f)(5). If the trial court determines that the declarant can afford to pay court costs, the trial court must issue an order containing detailed findings. *See* Tex. R. Civ. P. 145(f)(6). Absent a challenge, a trial court order that the declarant can afford to pay court costs also controls the costs on appeal unless the declarant files a motion in the appellate court alleging a material change in circumstances. *See* Tex. R. App. P. 20.1(b)(3).

The declarant may challenge a ruling that the declarant can afford to pay court costs by timely filing a motion in the appellate court. See Tex. R. Civ. P. 145(g)(1). Once an appellant appeals from a trial court's order finding he or she can afford to pay costs, the trial court clerk and court reporter must prepare at no charge a record of all proceedings regarding the declarant's claim of indigence. Tex. R. Civ. P. 145(g)(3).

Appellant filed a motion challenging the order under Rule 145(g)(1). Because the trial court's order contained no findings, we issued an order on March 31, 2020, abating the appeal and requesting the preparation of detailed findings as required by Rule 145(f)(6). A supplemental clerk's record was filed on July 16, 2020 containing the trial court's findings.

The following is a summary of the trial court's findings:

The trial court found appellant could afford to pay costs because appellant has over $40,000 in a savings account and over $40,000 in an IRA account, into which he recently transferred $15,000. Appellant also has a master's degree in social work but has voluntarily worked part-time for at least three years before filing his statement. Appellant is not eligible for needs-based public benefits, appellant is not represented by any legal-aid provider, nor did he apply for representation by a legal-aid provider. Appellant presented no evidence that the payment of costs would preclude him from paying for essential items.

Based on these findings, the trial court concluded that appellant was not

indigent for purposes of receiving a free reporter's record.

We review a trial court's order using an abuse-of-discretion standard. *See Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.). In deciding whether the declarant is unable to afford to pay court costs, the test is whether the declarant proved either that he receives public assistance, is being assisted pro bono by counsel, or is unable to afford the payment of court costs. *See* Tex. R. Civ. P. 145(e). We may find an abuse of discretion by the trial court only if the trial court's ruling is "so arbitrary and unreasonable as to be clearly wrong." *Arevalo*, 983 S.W.2d at 804. Although a trial court may evaluate the declarant's credibility, the court may not disregard evidence establishing the declarant's inability to afford to pay court costs, particularly when that evidence is not rebutted. *Koehne v. Koehne*, 01-17-00016-CV, 2017 WL 2375789, at *2 (Tex. App.—Houston [1st Dist.] June 1, 2017, published order).

At the hearing, appellant testified that he is only able to work part-time and that his income varies based on how many in-home visits he completes and that he is paid a flat fee for each visit. Appellant explained that his employer offers a meager reimbursement for mileage and does not reimbursement him at all for the cost of his cellular phone, computer, professional fees, malpractice insurance, or basic office supplies. On cross-examination, pay stubs were entered into evidence showing that appellant had only worked 17 hours in a two-week period. Appellant countered this by explaining that those hours do not accurately reflect the amount of time he spends at each visit. Appellant testified that he is unable, despite his master's degree in social work, to seek higher-paying full-time employment or higher-paying employment outside of his current geographical location because he assists in caring for his 98-year-old mother. On cross-examination, appellant confirmed that appellant's mother lives in a multi-level care residential facility, which has the capability of providing her full medical assistance.

Much of the focus during the hearing was about the $105,000 in savings that appellant listed on his statement of inability to afford costs. Appellant testified that

approximately half of that money is held in an IRA that he does not access. On cross-examination, appellant confirmed that since the time of trial and the hearing on indigency the IRA had grown from $33,000 to $48,000, as a result of appellant moving funds into the account. Appellant explained that he is "upside-down" with his bills each month and must withdraw money from his savings account. Appellant testified that he had obtained pro-bono representation for his appeal. In his statement of inability to afford costs, appellant stated he had not sought legal-aid and that he does not receive needs-based public benefits.

On this record, we conclude the trial court did not abuse its discretion by finding appellant failed to carry his burden under Rule 145 and is therefore no unable to afford payment of court costs. *See* Tex. R. Civ. P. 145(f)(5)

Accordingly, we find the trial court did not abuse its discretion in denying appellant's request to proceed without the payment of costs. *See Basaluda v. Hadden*, 298 S.W.3d 238, 241 (Tex. App.—San Antonio 2009, no pet); *Rodgers v. Mitchell*, 83 S.W.3d 815, 819 (Tex. App.—Texarkana 2002, no. pet.) (noting voluntary unemployment may be considered in determining indigence).

Therefore, this appeal is **REINSTATED** and appellant is directed to pay or make arrangements to pay for the record in this appeal. *See* Tex. R. App. P. 35.3(a)(2). Unless appellant provides this court with proof of payment for the record within fifteen days of the date of this order, we will dismiss the appeal for want of prosecution. *See* Tex. R. App. P. 37.3(b).

It is so ORDERED.

PER CURIAM

Panel Consists of Justices Wise, Bourliot, and Spain.