Gene WHITE, Individually and as Trustee, Appellant,

v.

Anne H. BAYLESS, Appellee.

No. 04–00–00253–CV.

Court of Appeals of Texas, San Antonio.

Jan. 17, 2001.

---

** Senior Chief Justice Paul C. Murphy and

Former Justice Amidei sitting by assignment.

Carl Raymond Crites, Law Offices of Carl R. Crites, John L. Ray, John L. Ray, P.C., San Antonio, for appellant.

Wallace M. Brylak, Jr., Clint M. Glenny, II, Glenny & Brylak, San Antonio, for appellee.

Sitting: LÓPEZ, STONE and GREEN, Justices.

## OPINION

PER CURIAM

The appellant, Gene White, filed an affidavit of indigence in this appeal. In response, the court reporter and the appellee, Anne Bayless, filed contests challenging the affidavit. In her affidavit, the court reporter estimated that it would cost $12,900.00 to transcribe the trial proceedings and to prepare trial exhibits. After an evidentiary hearing, the trial court sustained the contests. White appeals the order sustaining the contests in order to proceed with this appeal.

A party may appeal as an indigent by filing an affidavit of indigence

pursuant to Rule 20.1 of the rules of appellate procedure. *See* TEX.R.APP.P. 20.1. If the court reporter or another party files a contest as they did here, the party who filed the affidavit must prove his indigence. *See Arevalo v. Millan,* 983 S.W.2d 803, 804 (Tex.App.—Houston [1st Dist.] 1998, no pet.). In the trial court, the test for indigence is whether a preponderance of the evidence shows that the party would be unable to pay costs "if he really wanted to and made a good faith effort to do so." *See In re Sosa,* 980 S.W.2d 814, 815 (Tex. App.—San Antonio 1998, no pet.); *Arevalo,* 983 S.W.2d at 804. When the trial court sustains a contest, the court of appeals must decide whether the trial judge abused his discretion. *See Arevalo,* 983 S.W.2d at 804. An abuse of discretion occurs when the trial judge acts without reference to any guiding rules or principles so that the ruling is so arbitrary and unreasonable as to be clearly wrong. *Id.*

■ In the instant case, White stated in his affidavit that he was 73 years old and that his only income consisted of $613.00 in social security benefits. Therein, White listed various items of personal property that he valued at $5,350.00, and debts he estimated as totaling over $528,600.00. Included within those debts was an amount for the money judgment that is the subject of this appeal. At the hearing on the contests, White testified that he had been unable to obtain employment with the Census Bureau or with auction houses, but that he had not applied elsewhere. White also testified that he had previously held stock in Magnolia Gardens Corporation, but that he gave his stock to the corporation to minimize the damage to the other stockholders after Bayless and her attorneys destroyed the business. He further testified that he previously held a note from Magnolia Gardens that represented his investment in the business, but that he relinquished the note to protect the other stockholders. About other assets listed in his affidavit, White explained on cross-examination that he no longer knew the whereabouts of property that had been left at the Medford house—a property disputed in the underlying lawsuit. After hearing additional testimony from Bayless and White's lawyer, the trial judge sustained the contests.

■ In making this ruling, the trial judge summarized his concerns as follows: that he was unsure about whether White had made a real attempt to find the property from the Medford house, and that White had given up his stock ownership and extinguished the Magnolia–Gardens note to protect other stock owners of the corporation. Certainly, failing to pursue and use assets that could be used to provide funds for paying for the appellate record evidences the opposite of a good-faith effort. Under such circumstances, the trial judge does not abuse his discretion in sustaining a contest to indigence and denying an appellant a free copy of the record. *See In re Sosa,* 980 S.W.2d at 815; *accord Pinchback v. Hockless,* 139 Tex. 536, 164 S.W.2d 19, 20 (1942). We overrule White's challenge and affirm the trial court's order sustaining the contests to White's indigence.