MEMORANDUM OPINION

No. 04-04-00692-CV

Michael CLARK,
Appellant

v.

Cynthia L. HENNING,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2002-CI-3990
Honorable Janet Littlejohn, Judge Presiding




PER CURIAM
 
Sitting:            Alma López, Chief Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   January 26, 2005

AFFIRMING ORDER SUSTAINING CONTEST TO AFFIDAVIT OF INDIGENCE
            This is an appeal from the trial court’s order sustaining a contest to Michael Clark’s affidavit
of indigence. Because we find that the trial court did not abuse its discretion when it denied the
request for a free record, we affirm.
ABILITY TO PAY COSTS ON APPEAL
            A party may appeal as an indigent by filing an affidavit of indigence pursuant to Texas Rule
of Appellate Procedure 20.1. See Tex. R. App. P. 20.1. If the court reporter or another party files
a contest, the party who filed the affidavit must prove his indigence. See White v. Bayless, 40
S.W.3d 574, 576 (Tex. App.—San Antonio 2001, pet. denied). A party claiming indigence must
prove by a preponderance of the evidence that he would be unable to pay costs if he “really wanted
to and made a good faith effort to do so.” Allred v. Lowry, 597 S.W.2d 353, 355 (Tex. 1980); White,
40 S.W.3d at 576. We review a trial court’s determination of indigent status under an abuse of
discretion standard. White, 40 S.W.3d at 576.
            At the hearing on the contest, the only evidence submitted to the court was Clark’s testimony
and the testimony of the individual who prepared his tax returns. In his affidavit of indigence and
at the hearing, Clark stated he had medical bills of approximately $25,800; credit card debt of
approximately $4,046.38; and legal bills of approximately $12,000. He has a retirement account of
$12,000. His monthly expenses amounted to approximately $920. Clark testified he had reached
his credit card limit and was unable to obtain a cash advance on the credit cards and he could not
obtain a loan from any financial institution. Clark presented no evidence in support of his alleged
debts or inability to obtain a loan, and he conceded his bills were paid by his mother, with whom he
resides. Clark said he could not withdraw from his retirement account because of the penalties that
he would incur. Clark is unemployed, but he holds a license as an insurance adjuster. He said he
spoke to someone in Austin about a job as an adjuster, and he drove to Florida to look for
construction work. He has not sought construction work in Texas. He was unable to find
construction work in Florida. Based on the absence of evidence to support Clark’s claim of
indigence, the trial court sustained the contest.
            Failing to pursue and use assets that are available to provide funding for an appeal shows the
opposite of good faith. White, 40 S.W.3d 576. Because the record shows that Clark has a retirement
account from which he can withdraw funds to pay for a copy of the record, the trial court did not
abuse its discretion in sustaining the contest to his affidavit of indigence. 
CONCLUSION
             We affirm the trial court’s order sustaining the contest to Clark’s affidavit of inability to pay
court costs. Clark must file, within fifteen days of the date of this opinion, evidence that he has
made appropriate arrangements for payment of the reporter’s record on appeal. If Clark fails to
respond within the time provided, his brief will be due within thirty (30) days from the date of this
opinion, and the court will only consider those issues or points raised in his brief that do not require
a reporter’s record for a decision. See Tex. R. App. P. 37.3(c).
PER CURIAM