TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN





NO. 03-08-00376-CV






Jennifer McGinley, Appellant


v.


Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT

NO. C2007-0118C, HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING





O R D E R


 Appellant Jennifer McGinley intervened in the underlying suit for termination of
parental rights. (1) She filed an affidavit of indigence, in which she stated that she could pay $200 in
costs. She stated that she had three minor dependants, earned $11 an hour through her employment
with the Comal Independent School District, and received $1,060 a month in social security
survivors' benefits. She said her home was worth $42,500 and that the loan balance was
approximately $30,000. She listed the following monthly expenses: $392 for her car payment, $500
for her mortgage, $400 for food, $100 for clothing, $100 for transportation, $175 for utilities, and
$50 for medical costs. McGinley did not provide any tax information. The trial court held a hearing
to consider whether McGinley was entitled to proceed as an indigent. See Tex. Fam. Code Ann.
§ 263.405(d) (West 2008). During the hearing, the trial court heard only argument by counsel and
did not hear any testimony from any witnesses, including McGinley. Counsel for the child's foster
parents argued that McGinley's appeal was frivolous and that her affidavit showed that she had about
$500 a month in disposable income after she paid her bills. Counsel also said that during trial,
McGinley told the Court that she was financially stable and could afford to add the child to her
household, saying, McGinley "argued with us that she had plenty of money and that she was not
going to need any assistance." The court ruled that the appeal was frivolous and that McGinley was
not indigent. The court ordered McGinley to pay the foster parents' attorney $500 for her services
in the indigence hearing. McGinley appeals from the determination that she is not indigent. We
affirm the trial court's order related to McGinley's status as an indigent.

 Basing our decision solely on McGinley's affidavit, (2) it appears that after paying her
bills every month McGinley has between approximately $600 and $1,100 a month. (3) Further,
McGinley has about $12,500 in equity in her house. On this record, we cannot hold that the trial
court abused its discretion in determining that, considering her income, expenses, and equity in her
house, McGinley could arrange to pay her appellate costs if she really wanted to and made a good-faith effort to do so. See Griffin Indus., Inc. v. Thirteenth Court of Appeals, 934 S.W.2d 349, 351
(Tex.1996) (quoting Allred v. Lowry, 597 S.W.2d 353, 355 (Tex. 1980)) (appellant must prove she
could not pay appellate costs if she really wanted to and made good-faith effort to pay). (4)

 This order is not a final decision on the merits of the appeal, does not bar McGinley
from proceeding with her appeal upon payment for the record, and only affirms the finding that she
is not entitled to a free record on appeal. See Schlapper v. Forest, No. 03-06-00315-CV, 2008 Tex.
App. LEXIS 8386, at *6 (Tex. App.--Austin Nov. 7, 2008, pet. dism'd).


 __________________________________________

 David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Filed: March 6, 2009
1. McGinley is the child's paternal aunt.
2. In its brief related to McGinley's indigence, appellee refers to evidence admitted in the
underlying proceeding, namely a home study in which McGinley's list of expenses showed that her
mortgage payment was $358, not $500, and that her monthly food expenses were $250, not $400. 
However, that home study was not introduced at the indigence hearing, it was not referred to by
McGinley or any of the attorneys at the hearing, and the trial court did not refer to it in reaching its
decision. In McGinley's appellate brief, she essentially asserts that her $11 an hour income from
Comal ISD is only paid during the school year and that her monthly paycheck, paid throughout the
year, is thus lower than if she were paid $11 an hour all year. She states that her monthly paycheck
from Comal ISD is $1020, which nets to $840 after taxes, and that "part of the money" remaining
after she pays her bills "goes to gas for transportation." However, the only evidence put forth at the
hearing and thus, the only evidence before us in this appeal, is McGinley's affidavit, in which she
listed $100 a month for "transportation" expenses. Because the only evidence before us is
McGinley's affidavit, we must confine ourselves to those allegations.
3. McGinley's affidavit states that she earns $11 an hour. If she works forty hours a week and
fifty weeks a year, she earns approximately $22,000 a year and $1833 a month. Her affidavit does
not explain how many hours or weeks she works. In her brief, she asserts that Comal ISD "does not
pay all of their employees hourly some are paid a salary that is stretched through the school year and
the summer break while the employees are off. By doing this it lowers the monthly take home
check." Again, we note that McGinley's allegations in her brief cannot be considered evidence, but
even if we assume that she works only thirty-five weeks a year with fifteen weeks off in the summer,
she would earn $15,400 a year, $1283 a month. When combined with her $1060 in social security
survivors' benefits, her total monthly income would between $2343 and $2893. McGinley's
monthly expenses total $1717, leaving between $626 and $1176 a month in discretionary funds.
4. See also Tex. R. App. P. 20.1(e) (if contest to affidavit of indigence filed, proponent must
prove affidavit's allegations); White v. Bayless, 40 S.W.3d 574, 576 (Tex. App.--San Antonio 2001,
pet. denied) (order sustaining contest is reviewed for abuse of discretion, meaning trial court acted
without reference to guiding rules or principles and ruling is so arbitrary and unreasonable as to be
clearly wrong); Arevalo v. Millan, 983 S.W.2d 803, 804 (Tex. App.--Houston [1st Dist.] 1998,
no pet.) (to reverse order sustaining contest, trial court must have "acted without reference to any
guiding rules or principles, that the facts and law permit only one decision and it is the opposite of
the trial judge's decision, and that the ruling is so arbitrary and unreasonable as to be
clearly wrong").