# NO. 12-10-00032-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FRED POPE,*<br>*APPELLANT* | § | *APPEAL FROM THE 123RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *SHELBY POPE,*<br>*APPELLEE* | § | *SHELBY COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant Fred Pope filed an affidavit of indigency requesting a free record in order to pursue his appeal from a denial of a bill of review. Appellee Shelby Pope filed a contest to Fred's affidavit of indigency. The trial court, after hearing, found Fred's affidavit of indigency to be without merit and sustained the contest. We affirm.

## <u>Standard of Review and Applicable Law</u>

Abuse of discretion is the standard in reviewing a trial court's order sustaining a contest to an affidavit of indigency. *White v. Bayless*, 40 S.W.3d 574, 576 (Tex. App.–San Antonio 2001, pet. denied); *Griffin Indus. v. Thirteenth Court of Appeals*, 934 S.W.2d 349, 354 (Tex. 1996). An abuse of discretion occurs when the trial court acts without reference to any guiding rules or principles so that the ruling is so arbitrary and unreasonable as to be clearly wrong. *White*, 40 S.W.3d at 576.

The test for indigence is whether a preponderance of the evidence shows the party would be unable to pay costs "if he really wanted to and made a good faith effort to do so." *Id.* If a contest is filed, the party who filed the affidavit has the burden of proving the affidavit's allegations. TEX. R. APP. P. 20.1(g). Although the trial court is required to evaluate the credibility of the witnesses, it is not free simply to disbelieve the direct, positive evidence that establishes the prima facie case. *Griffin Indus.*, 934 S.W.2d at 352; *Samson v. Sprinkle*, 799 S.W.2d 776, 778 (Tex. App.–Fort Worth 1990, orig. proceeding). To overcome a prima facie showing of indigence, "the opposing party must offer evidence to rebut what has been established." *Griffin Indus.*, 934 S.W.2d at 352. A person claiming to be indigent need only

show that he cannot pay the costs of appeal, not that his relatives or friends are unable to do so. *Villegas v. Pate*, 913 S.W.2d 752, 755 (Tex. App.–Corpus Christi 1996, orig. proceeding), *mandamus denied*, 934 S.W.2d 349 (Tex. 1996). An appellant is not required to exhaust all potential sources of charity in order to establish his inability to pay. *Id*. Indigency provisions, like other appellate rules, are liberally construed in favor of the right to appeal. *Id.*

**Discussion**

Fred Pope's testimony established beyond question that, on January 19, 2010, he was indigent. According to his testimony he was unemployed, unable to work because of injury, and utterly without any source of income but the charity of his father and sister who subsisted on social security. He had no property other than his clothes and an old pickup truck that had not run in three months. He testified that he had no ability to borrow funds to pay for the record. He lived rent free in an old house provided by his friend and minister, William Eddins. Both he and his sister told the court that his father and sister paid for his utilities and groceries. Fred's testimony regarding his financial condition on the date of the hearing was uncontradicted.

The critical inquiry, however, is not whether he was indigent at the time of the hearing on January 19, 2010, but whether he was indigent when he filed his affidavit and notice of appeal on June 1, 2009. In his affidavit filed on that date, he showed monthly income of $1,600.00, debts in the amount of $1,495.00, and $700.00 in monthly expenses. In the affidavit, he stated that he owned no property and had no cash. On its face, the affidavit fails to show that he was indigent. According to the affidavit, his monthly income exceeds his monthly expenses by $900.00, enough to pay for the record. He explained at the hearing that he completed the affidavit without assistance, and that he did not understand that he was supposed to list his recurring monthly expenses for such things as food, transportation, and utilities. Therefore, the only monthly expense shown represented the monthly payment on the 2007 pickup truck. He testified that he had just gone to work for his new employer on May 18, 2009. At the time he signed the affidavit, he had not yet received his first paycheck. The $900.00 difference between his $1,600.00 monthly income and his $700.00 monthly expenses shown on the affidavit, he testified, was more than exhausted by recurrent expenses. However, he offered no testimony of the amounts of his various monthly living expenses. He testified only that in aggregate they more than exceeded $900.00.

Cross examination revealed the 2007 pickup truck was taken from Fred and returned to Shelby shortly before he filed his affidavit of indigency. Fred explained that, when he listed the truck payment on the affidavit, he expected the truck to be returned to him and that he would be responsible for the payment. The truck was not returned to him, and he apparently made no $700.00 payment on June 1, 2009 or thereafter.

If a contest is filed, the burden is on the party who filed the affidavit to prove the affidavit's allegations. TEX. R. APP. P. 20.1(g). In this case, the affidavit does not show indigence. Therefore, proof only of the affidavit's allegations would not suffice to establish indigence. Moreover, Fred appears not to have paid the only expense shown, the truck payment. The filing of an amended affidavit accurately reflecting Fred's income and expenses as they existed on June 1, 2009 would have greatly simplified matters. Nevertheless, we have carefully searched the record for evidence that might serve to aid and explain the affidavit. Based upon our review of the record, we conclude that the trial court did not abuse its discretion in determining that Fred Pope was not indigent at the time he filed his affidavit of indigency.

## DISPOSITION

The trial court's order sustaining the contest is *affirmed*.

**BILL BASS**
Justice

Opinion delivered July 14, 2010.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(PUBLISH)