NO. 12-10-00032-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

FRED POPE,                                                            §          APPEAL
FROM THE 123RD

APPELLANT            

 

V.                                                                    §          JUDICIAL
DISTRICT COURT

 

SHELBY POPE,        

APPELLEE                                                               §          SHELBY
COUNTY, TEXAS            







            MEMORANDUM
OPINION

            Appellant
Fred Pope filed an affidavit of indigency requesting a free record in order to
pursue his appeal from a denial of a bill of review.  Appellee Shelby Pope
filed a contest to Fred’s affidavit of indigency.  The trial court, after
hearing, found Fred’s affidavit of indigency to be without merit and sustained
the contest.  We affirm.

Standard
of Review and Applicable Law

            Abuse
of discretion is the standard in reviewing a trial court’s order sustaining a
contest to an affidavit of indigency.  White v. Bayless, 40
S.W.3d 574, 576 (Tex. App.–San Antonio 2001, pet. denied); Griffin Indus.
v. Thirteenth Court of Appeals, 934 S.W.2d 349, 354 (Tex. 1996).  An
abuse of discretion occurs when the trial court acts without reference to any
guiding rules or principles so that the ruling is so arbitrary and unreasonable
as to be clearly wrong.  White, 40 S.W.3d at 576.

            The
test for indigence is whether a preponderance of the evidence shows the party
would be unable to pay costs “if he really wanted to and made a good faith
effort to do so.”  Id.  If a contest is filed, the party who
filed the affidavit has the burden of proving the affidavit’s allegations.  Tex. R. App. P. 20.1(g).  Although the
trial court is required to evaluate the credibility of the witnesses, it is not
free simply to disbelieve the direct, positive evidence that establishes the
prima facie case.  Griffin Indus., 934 S.W.2d at 352; Samson
v. Sprinkle, 799 S.W.2d 776, 778 (Tex. App.–Fort Worth 1990, orig.
proceeding).  To overcome a prima facie showing of indigence, “the opposing
party must offer evidence to rebut what has been established.”  Griffin
Indus., 934 S.W.2d at 352.  A person claiming to be indigent need only
show that he cannot pay the costs of appeal, not that his relatives or friends
are unable to do so.  Villegas v. Pate, 913 S.W.2d 752, 755 (Tex.
App.–Corpus Christi 1996, orig. proceeding), mandamus denied, 934 S.W.2d
349 (Tex. 1996).  An appellant is not required to exhaust all potential sources
of charity in order to establish his inability to pay.  Id. 
Indigency provisions, like other appellate rules, are liberally construed
in favor of the right to appeal.  Id.

Discussion

            Fred
Pope’s testimony established beyond question that, on January 19, 2010, he was indigent. 
According to his testimony he was unemployed, unable to work because of injury,
and utterly without any source of income but the charity of his father and
sister who subsisted on social security.  He had no property other than his
clothes and an old pickup truck that had not run in three months.  He testified
that he had no ability to borrow funds to pay for the record.  He lived rent
free in an old house provided by his friend and minister, William Eddins.  Both
he and his sister told the court that his father and sister paid for his
utilities and groceries.  Fred’s testimony regarding his financial condition on
the date of the hearing was uncontradicted.

            The
critical inquiry, however, is not whether he was indigent at the time of the
hearing on January 19, 2010, but whether he was indigent when he filed his
affidavit and notice of appeal on June 1, 2009.  In his affidavit filed on that
date, he showed monthly income of $1,600.00, debts in the amount of $1,495.00,
and $700.00 in monthly expenses.  In the affidavit, he stated that he owned no
property and had no cash.  On its face, the affidavit fails to show that he was
indigent.  According to the affidavit, his monthly income exceeds his monthly
expenses by $900.00, enough to pay for the record.  He explained at the hearing
that he completed the affidavit without assistance, and that he did not
understand that he was supposed to list his recurring monthly expenses for such
things as food, transportation, and utilities.  Therefore, the only monthly
expense shown represented the monthly payment on the 2007 pickup truck.  He
testified that he had just gone to work for his new employer on May 18, 2009. 
At the time he signed the affidavit, he had not yet received his first
paycheck. The $900.00 difference between his $1,600.00 monthly income and his
$700.00 monthly expenses shown on the affidavit, he testified, was more than
exhausted by recurrent expenses.  However, he offered no testimony of the
amounts of his various monthly living expenses.  He testified only that in
aggregate they more than exceeded $900.00.

            Cross
examination revealed the 2007 pickup truck was taken from Fred and returned to
Shelby shortly before he filed his affidavit of indigency.  Fred explained
that, when he listed the truck payment on the affidavit, he expected the truck
to be returned to him and that he would be responsible for the payment.  The
truck was not returned to him, and he apparently made no $700.00 payment on
June 1, 2009 or thereafter.

            If a
contest is filed, the burden is on the party who filed the affidavit to prove
the affidavit’s allegations.  Tex. R.
App. P. 20.1(g).  In this case, the affidavit does not show indigence. 
Therefore, proof only of the affidavit’s allegations would not suffice to
establish indigence.  Moreover, Fred appears not to have paid the only expense
shown, the truck payment.  The filing of an amended affidavit accurately
reflecting Fred’s income and expenses as they existed on June 1, 2009 would
have greatly simplified matters.  Nevertheless, we have carefully searched the
record for evidence that might serve to aid and explain the affidavit.  Based
upon our review of the record, we conclude that the trial court did not abuse its
discretion in determining that Fred Pope was not indigent at the time he filed
his affidavit of indigency.

Disposition

            The trial
court’s order sustaining the contest is affirmed.

 

 

 

                                                                                                Bill Bass

                                                                                       
             Justice

 

 

 

Opinion delivered July 14, 2010.

Panel
consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of
Appeals,

sitting
by assignment.

 

 

 

 

 

 

(PUBLISH)