



# MEMORANDUM OPINION

No. 04-11-00887-CV

Yevgenia **SHOCKOME**,
Appellant

v.

Timothy **SHOCKOME**,
Appellee

From the 218th Judicial District Court, Atascosa County, Texas
Trial Court No. 09-02-00030-CVK
Honorable Fred Shannon, Judge Presiding

PER CURIAM

Sitting:     Rebecca Simmons, Justice
           Steven C. Hilbig, Justice
           Marialyn Barnard, Justice

Delivered and Filed:  May 2, 2012

AFFIRMED

Appellant Yevgenia Shockome filed a motion for this court to reconsider the trial court's order sustaining a contest to her affidavit of indigence in this appeal. We construe her motion as an appeal of the trial court's order. We affirm the trial court's order sustaining the contest.

### BACKGROUND

The trial court signed a child support order on October 21, 2011, and the appellant timely filed a notice of appeal. However, the appellant did not file an affidavit of indigence with her

notice of appeal. *See* TEX. R. APP. P. 20.1(c)(1) (requiring an appellant to "file the affidavit of indigence in the trial court with or before the notice of appeal"). Nevertheless, she filed an affidavit of indigence with this court on December 21, 2011. We abated the appeal to the trial court for it to determine her indigence status. *See id.* R. 20.1(h)(4), (i)(1); *Higgins v. Randall Cnty. Sheriff's Office (Higgins I)*, 193 S.W.3d 898, 899–900 (Tex. 2006). Opposing counsel timely filed a contest. The trial court held a telephonic hearing on the contest, and it later signed an order sustaining the contest. The appellant filed a motion with this court to reconsider the trial court's order and asserted that the trial court failed to provide her with reasonable accommodations for her disability.

## ANALYSIS

### A. Applicable Law

We may construe a motion to reconsider a trial court's order sustaining a contest to an affidavit of indigence as a notice of appeal; a separate notice is not required. *See Basaldua v. Hadden*, 298 S.W.3d 238, 241 (Tex. App.—San Antonio 2009, no pet.) (per curiam). We review a trial court's order sustaining a contest to an affidavit of indigence for an abuse of discretion. *White v. Bayless*, 40 S.W.3d 574, 576 (Tex. App.—San Antonio 2001, pet. denied). The trial court abuses its discretion if its "ruling is so arbitrary and unreasonable as to be clearly wrong." *Id.* (citing *Arevalo v. Millan*, 983 S.W.3d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.)). In the contest, the affiant bears the burden to prove her indigence by a preponderance of the evidence. *See* TEX. R. APP. P. 20.1(g); *Higgins v. Randall Cnty. Sheriff's Office (Higgins II)*, 257 S.W.3d 684, 686 (Tex. 2008); *Basaldua*, 298 S.W.3d at 241. The trial court must decide if the evidence shows the affiant is "unable to pay costs [even] 'if [s]he really wanted to and made

a good faith effort to do so.'" *White*, 40 S.W.3d at 576 (quoting *In re Sosa*, 980 S.W.2d 814, 815 (Tex. App.—San Antonio 1998, no pet.)); *accord Higgins II*, 257 S.W.3d at 686.

## B. Evidence of Indigence

In this case, Yevgenia had the burden to show that she could not pay the court costs. *See Higgins II*, 257 S.W.3d at 686; *White*, 40 S.W.3d at 576. She filed an affidavit that showed she had monthly income of $6,871.26 and monthly expenses that exceeded her income. She listed both mortgage and car payments, but she did not state what equity she had in either her home or her car, and she did not state what other real or personal property, cash, bank accounts, or other assets she owned. *See* TEX. R. APP. P. 20.1(b) (describing the information required in an affidavit of indigence). Further, she did not describe her ability to get a loan for court costs. *See id.* In the telephonic hearing on the contest to her affidavit, Yevgenia told the trial court she would start unpaid medical leave the following week. The trial court repeatedly asked Yevgenia if she had any other information she wanted the court to consider before it decided the question of her indigence; she provided no additional information. Considering the evidence before the trial court and Yevgenia's burden to show that she could not pay court costs, we cannot say that the trial court's decision was "so arbitrary and unreasonable as to be clearly wrong." *See White*, 40 S.W.3d at 576; *see also Basaldua*, 298 S.W.3d at 241.

### CONCLUSION

We affirm the trial court's order sustaining the contest to appellant Yevgenia Shockome's affidavit of indigence.

PER CURIAM