COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



MEMORANDUM ORDER

Appellate case name:    In the Interest of J.M.H., a child

Appellate case number:    01-12-00793-CV

Trial court case number:  2011-67740

Trial court:              309th District Court of Harris County

Appellant has filed a verified motion "Motion for Out of Time Challenge the Trial Court's Order Sustaining Contest of Appellant's Indigency," which we construe as a verified motion for extension of time under Texas Rule of Appellate Procedure 10.5(b). *See* TEX. R. APP. P. 20.1(j)(2). In the motion, appellant swears under penalty of perjury that he did not receive notice of the trial court's September 4, 2012 order sustaining the district clerk's contest to his affidavit of indigence until he received our November 27, 2012 order, and challenges the trial court order sustaining the contest.

We **GRANT** appellant's motion to extend the time to file his motion challenging the trial court's order sustaining the contest to his affidavit of indigence and will review the trial court's order sustaining the contest. We review the trial court's order under an abuse of discretion standard. *White v. Bayless*, 40 S.W.3d 574, 576 (Tex. App.—San Antonio 2001, pet. denied). The trial court abuses its discretion if it acts without reference to any guiding rules or principles or in an arbitrary or unreasonable manner. *Id.*

The reporter's record of the indigence hearing reflects that the trial court sustained the contest to appellant's affidavit of indigence because appellant failed to appear at the hearing. However, because appellant was incarcerated at the time of the hearing, "the affidavit must be considered as evidence and is sufficient to meet the indigent party's burden to present evidence without the indigent party's attending the hearing." TEX. R. APP. P. 20.1(g)(1). The record reflects that the trial court failed to consider the affidavit as evidence, as required by Texas Rule of Appellate Procedure 20.1(g)(1), and therefore abused its discretion. *See White*, 40 S.W.3d at 576.

In his affidavit, appellant addresses various factors required by Texas Rule of Appellate Procedure 20.1(b). TEX. R. APP. P. 20.1(b). Appellant avers, among other things, that he is an inmate, has no source of income, has no spousal income, owns no property or assets, and does

not have sufficient resources to prosecute the appeal.  Because this information is sufficient "to prove by a preponderance of evidence that [appellant] is unable to pay costs on appeal, the affidavit is sufficient." *In re C.H.C.*, 331 S.W.3d 426, 429 (Tex. 2011).

Accordingly, we **GRANT** appellant's motion challenging the trial court's order sustaining the contest to appellant's affidavit of indigence.

The Clerk of this Court is **ORDERED** to make an entry in this Court's records that appellant is indigent and is allowed to proceed on appeal without advance payment of costs.

It is further **ORDERED** that the District Clerk file with this Court, within 30 days of the date of this order and at no cost to appellant, a clerk's record containing the items specified in Texas Rule of Appellate Procedure 34.5(a). *See* TEX. R. APP. P. 20.1(i)(4).  The District Clerk is also **ORDERED** to send a copy of the clerk's record to appellant at the same time that the record is transmitted to this Court.  *See id.*

It is further **ORDERED** that Court Reporter file with this Court, within 30 days of the date of this order and at no cost to appellant, the reporter's record. *See id.*  The Court Reporter is also **ORDERED** to send a copy of the reporter's record to appellant at the same time that the record is transmitted to this Court.  *See id.*

Appellant's brief is **ORDERED** filed with this Court within 30 days of the date the complete record is filed in this Court.  Appellee's brief must be filed within 30 days of the date appellant's brief is filed.

All other pending motions are dismissed as moot.

It is so ORDERED.

Judge's signature: /s/ <u>Justice Rebeca Huddle</u>
☑ Acting individually     ☐ Acting for the Court


Date:  January 7, 2013