**Motion Denied; Order filed February 10, 2015.**



In The

# Fourteenth Court of Appeals

————————

NO. 14-14-00947-CV

————————

**MARIANN BACHARACH, Appellant**

**V.**

**JOHN DOE, Appellee**

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1050977**

## ORDER

This is an accelerated appeal from the denial of appellant's motion to dismiss pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code. Appellant filed an affidavit of indigence in the trial court. The county clerk, court reporter, and appellee filed contests to the affidavit. On January 20, 2015, the trial court held a hearing on the county clerk's contest to appellant's affidavit. Despite having been served with notice of the contest and the hearing, appellant did not

appear. At the conclusion of the hearing, the trial court signed an order sustaining the contest to appellant's affidavit of indigence.

On January 16, 2015, appellant filed a premature notice of appeal seeking review of the trial court's ruling.

When a contest is sustained and a review of the ruling is sought, the question is whether an examination of the record as a whole establishes that the trial court abused its discretion. *See Jones v. Duggan*, 943 S.W.2d 90, 93 (Tex. App.—Houston [1st Dist.] 1997, orig. proceeding). In ruling on the merits of the evidence at the trial court level, the test for determining entitlement to proceed in forma pauperis is whether the preponderance of the evidence shows that the appellant would be unable to pay the costs of appeal, if she really wanted to and made a good faith effort to do so. *See Griffin Indus. v. Thirteenth Court of Appeals*, 934 S.W.2d 349, 351 (Tex. 1996). To show a clear abuse of discretion, the appellant must show that, under the circumstances of the case, the facts and law permit the trial court to make but one decision. *See Cronen v. Smith*, 812 S.W.2d 69, 70 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding).

Texas Rule of Appellate Procedure 20.1 governs affidavits of indigence. It permits a party to proceed with an appeal without advance payment of costs if (1) the party files an affidavit of indigence in compliance with the rule; (2) either the claim of indigence is not contested or the contest is not sustained; and (3) the party files a timely notice of appeal. Tex. R. App. P. 20.1(a). The affidavit must identify the party filing it, state the amount of costs the party can pay, if any, and contain complete information regarding sources of income and property. Tex. R. App. P. 20.1(b). The affidavit must specifically state:

> (1) the nature and amount of the party's current employment income, government-entitlement income, and other income;

(2) the income of the party's spouse and whether that income is available to the party;

(3) real and personal property the party owns;

(4) cash the party holds and amounts on deposit that the party may withdraw;

(5) the party's other assets;

(6) the number and relationship to the party of any dependents;

(7) the nature and amount of the party's debts;

(8) the nature and amount of the party's monthly expenses;

(9) the party's ability to obtain a loan for court costs;

(10) whether an attorney is providing free legal services to the party without a contingent fee; and

(11) whether an attorney has agreed to pay or advance court costs.

Tex. R. App. P. 20.1(b)(1)–(11).

In her affidavit of indigence, appellant stated that she receives food stamps and Medicaid, and receives monthly public benefits of $347.00. She listed the "amount of income from other people in my household" at $100.00, for a total monthly income of $447.00. As assets, appellant listed $20.00 in cash, and a Mercedes vehicle worth $3,200.00. As monthly expenses, appellant listed rent of $400.00, utilities of $70.00, and vehicle payments of $500.00. Appellant listed debt of $5,000.00 on the vehicle, $20,000.00 to $40,000.00 in medical expenses, $80,000.00 in student loans, and $1,000.00 to Capital One Bank. The affidavit is accompanied by an "Unsworn Declaration" pursuant to section 132.001 of the Texas Civil Practice and Remedies Code, which is accepted in lieu of a notarized signature. *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001 (West, Westlaw through 2013 3d C.S.).

The Harris County Clerk filed a contest to appellant's affidavit of indigence in which the county clerk alleged appellant's affidavit failed in complying with one or more of the requirements of Texas Rule of Appellate Procedure 20.1(b). Appellee filed a contest to appellant's affidavit in which he alleges that appellant has several internet ventures from which she receives income. He further alleged that appellant has hired two attorneys in other matters, has financial means to travel from South Texas, and has the ability to ask for loans from an attorney in Houston who appears to have funded some of her suit.

At the hearing on the county clerk's contest, the trial court admitted evidence reflecting notice to appellant of the contest and the hearing. Appellant did not appear at the hearing. No other evidence was admitted. The county clerk's counsel discussed documents that appellant had filed in an attempt to demonstrate indigence. Counsel pointed out that a business venture was mentioned in addition to a lease agreement that reflected monthly rent of $1,100.00 per month. Counsel further argued that appellant's affidavit was defective in that it did not show from whom appellant attempted to borrow money, nor did it identify all the expenses required by Rule 20.1. Following the hearing, the trial court signed an order sustaining the county clerk's contest and ordering appellant to pay in full all costs of the appeal.

The burden of proof at the hearing on the contest to the affidavit is on the individual claiming indigence. *See* Tex. R. App. P. 20.1(g). A party claiming indigence must prove by a preponderance of the evidence that she would be unable to pay costs if she "really wanted to and made a good faith effort to do so." *Allred v. Lowry*, 597 S.W.2d 353, 355 (Tex. 1980); White v. Bayless, 40 S.W.3d 574, 576 (Tex. App.—San Antonio 2001, pet. denied). We review a trial court's

determination of indigence status under an abuse of discretion standard. *White*, 40 S.W.3d at 576.

Appellant did not appear at the hearing on the contest; therefore, the only evidence before the trial court was her affidavit of indigence in which she stated she was unable to pay any costs on appeal, and that her monthly expenses exceeded her monthly income. However, her affidavit is defective in that it did not address whether appellant could borrow money to pay court costs or whether she was being assisted by an attorney. "If a contest is filed, the party who filed the affidavit of indigence must prove the affidavit's allegations." Tex. R. App. P. 20.1(g)(1). *see also Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008). Because a timely contest was filed and a timely hearing was held, appellant was required to prove the affidavit's allegations. *See Adams v. Ross*, No. 01-11-00552-CV; 2012 WL 5381218 at *3 (Tex. App.—Houston [1st Dist.] Nov. 1, 2012, no pet.) (mem. op.). The record reflects that appellant failed to appear at the hearing on the contest and present evidence to establish her indigence. Because she failed to appear at the hearing and present evidence, appellant cannot show that she sustained her burden of proving the allegations in her affidavit and we cannot conclude that the trial court abused its discretion in sustaining the contest to the affidavit. *See* Tex. R. App. P. 20.1(g); *Adams*, 2012 WL 5381218 at *3.

Therefore, appellant is directed to pay or make arrangements to pay for the filing fee and the record in this appeal. *See* Tex. R. App. P. 35.3(a)(2). Unless appellant pays the $195.00 filing fee and provides this court with proof of payment for the record within 15 days of the date of this order, we will dismiss the appeal for want of prosecution. *See* Tex. R. App. P. 42.3(c), 37.3(b).

PER CURIAM

Panel consists of Justices Christopher, Donovan, and Wise.