

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00028-CV

CODY WOMMACK, Appellant

V.

BRIANNA MCCLAIN & CARRIE MCGINNIS, Appellees

On Appeal from the 276th District Court
Morris County, Texas
Trial Court No. 27,827

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

On March 3, 2025, Cody Wommack filed a Rule 145(b) Statement of Inability to Afford Court Costs (Statement), maintaining that he should be provided a free clerk's record and a free court reporter's record in order to proceed with an appeal that he previously filed in this Court. That same day, Appellees[1] filed a response to Wommack's Statement arguing that he could afford to pay for the records. On March 27, following a hearing, the trial court denied Wommack's request and ordered him to pay for the clerk's record and the court reporter's record. Wommack appeals, maintaining that (1) Appellees did not provide the trial court with an adequate response to his Statement, (2) he did not receive proper notice of the hearings on the matter, and (3) the trial court erred when it found that he was not indigent and had the ability to pay for the requested records. We affirm the trial court's order.

## I.  Applicable Law and Standard of Review

Rule 145(b) states that "[a] party who cannot afford payment of court costs must file the Statement of Inability to Afford Payment of Court Costs approved by the Supreme Court or another sworn document containing the same information." TEX. R. CIV. P. 145(b). "A 'sworn' Statement is one that is signed before a notary or made under penalty of perjury." *Id.* The court reporter, the court clerk, or a party may file a motion to require payment of costs, but it "must contain sworn evidence—not merely allegations—either that the Statement was materially false when made or that because of changed circumstances, it is no longer true." TEX. R. CIV. P. 145(e)(1). Further, a "declarant must not be required to pay costs without an oral evidentiary

---

[1]Brianna McClain and Carrie McGinnis are litigants in the underlying case.

hearing. The declarant must be given 10 days' notice of the hearing." TEX. R. CIV. P. 145(f)(1). Lastly, the declarant has the burden to prove his inability to afford the costs. *Id.*

"The test for determining indigence is straightforward: 'Does the record as a whole show by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so?'" *Higgins v. Randall Cnty. Sheriff's Off.*, 257 S.W.3d 684, 686 (Tex. 2008) (quoting *Pinchback v. Hockless*, 164 S.W.2d 19, 20 (Tex. [Comm'n Op.] 1942)). Next, "[a]n order requiring the declarant to pay costs must be supported by detailed findings that the declarant can afford to pay costs." TEX. R. CIV. P. 145(f)(2). Finally, "[a]n order requiring the declarant to pay costs must state in conspicuous type: 'You may challenge this order by filing a motion in the court of appeals within 10 days after the date this order is signed.'" TEX. R. CIV. P. 145(f)(4).

When an appellate court reviews a trial court's Rule 145 disposition, it applies an abuse of discretion standard. *Strickland v. iHeartMedia, Inc.*, 668 S.W.3d 34, 37 (Tex. App.—San Antonio 2022, no pet.) (citing *White v. Bayless*, 40 S.W.3d 574, 576 (Tex. App.—San Antonio 2001, pet. denied) (per curiam)). "A trial court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re Villanueva*, 292 S.W.3d 236, 245 (Tex. App.—Texarkana 2009, orig. proceeding) (quoting *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)).

3

## II.     Discussion

### A.     Procedural Arguments

By his first two issues, Wommack contends that he was not given ten days' notice of the trial court hearing as required by Rule 145(f)(1), and he contends that the Appellees' response in the trial court did not comply with Rule 145(e)(1).

#### 1.     Background

On March 3, 2025, Wommack filed a Statement "declar[ing] that [he was] unable to afford the costs of []his appeal due to [his] financial situation." On the same day, Appellees objected to Wommack's Statement on the grounds that it did not comply with Rule 145(b) because it was not submitted on the Texas Supreme Court's approved form nor was it a sworn document containing the same information as required by the form. *See* TEX. R. CIV. P. 145(b).

On March 5, 2025, the trial court set a hearing for March 13, 2025, to consider Wommack's Statement. The record shows that Wommack was served with the hearing notice via email on March 5. At 12:35 a.m. on the day the hearing was set to begin, Wommack filed an "Objection to Hearing on Plaintiff's Statement of Inability to Afford Payment of Court Costs, Motion for Sanctions, and Request for Certificate of Conference Requirement." Wommack argued that the hearing should be canceled because Appellees failed to counter Wommack's sworn statements with sworn statements of their own. *See* TEX. R. CIV. P. 145(e)(1). In addition, he argued that he did not receive the ten-day notice provided by Rule 145(f)(1). *See* TEX. R. CIV. P. 145(f)(1).

4

On March 13, 2025, the original hearing date, the trial court moved the hearing to March 27, 2025.[2] Also on March 13, Appellees filed a "Verified Motion to Require Plaintiff to Pay Costs," once again contending that Wommack did not comply with Rule 145. In it, Appellees' counsel attested, "Plaintiff has not filed a sworn Statement of Inability to Afford Court Cost in the form approved by the Texas Supreme Court, or another sworn document containing the same information. No sworn statement complying with Rule 145(b) has been provided to Defendants and/or myself."

On March 25, two days before the re-scheduled hearing, Wommack filed a second statement (March 25 Statement) using the form referenced in Rule 145(b). In light of his submission of the form complying with Rule 145(b), Wommack suggested that Appellees withdraw their challenge and the trial court cancel the hearing set March 27, 2025. Wommack also stated, "If they do so, I agree not to request sanctions from the trial court related to the March 13, 2025[,] hearing unless there are any future proceedings in the trial court." On March 26, Appellees filed a supplemental sworn challenge asserting that Wommack's March 25 Statement was materially false due to the omission of specific assets set forth in the supplemental challenge.

The trial court moved forward with the hearing on March 27. Again, Wommack argued that he did not receive ten days' notice of the hearing. Wommack relied on Rule 145(f)(1)'s

---

[2]The trial court could have proceeded with the hearing on March 13, 2025, and found that Wommack's March 3 filing did not comply with Rule 145(b) of the Texas Rules of Civil Procedure. In any event, based on Wommack's objection regarding insufficient notice, the trial court gave Wommack his requested relief: a new hearing date.

protection, but, this time, he applied the rule to his March 25 Statement, not the March 3 Statement.

### 2. Analysis

Under these circumstances, Wommack received notice of the trial court hearing in compliance with Rule 145(f)(1). We do not read Rule 145(f)(1) as permitting a party to restart the ten-day clock with a revised statement when that party has already received the relief of a reset hearing date by invoking that rule.

The Appellees properly objected to Wommack's Statement in the trial court. The requirements placed on responding parties by Rule 145(e)(1) presuppose that the party seeking to avoid payment has first filed a sworn statement that complies with Rule 145(b). *See* TEX. R. CIV. P. 145(b). Wommack's March 3 Statement did not comply with Rule 145(b). To the extent that Wommack's March 25 Statement complied with Rule 145(b), the Appellees filed a Rule145(e)(1)-compliant response on March 27.[3]

For these reasons, we overrule Wommack's first and second points of error.

### B. Wommack's Substantive Argument

Finally, Wommack contends that the trial court erred when it determined that he was capable of paying for the requested court records.

_____

[3]At the March 13 hearing, Appellees pointed out that, in Wommack's March 25 Statement, Wommack maintained that "[he] intend[ed] to supplement th[at] statement from a qualified organization." *See* TEX. R. CIV. P. 145(d) (making it prima facia proof of inability to pay that the movant receives benefits "from a means-tested government entitlement program" or is qualified to be represented by qualifying indigent-defense organizations). Appellees then informed the trial court, "To date, your Honor, the statement from the Supreme Court has not been filed. No statement of equivalent information has been filed. And whatever a qualifying organization is, that has in [sic] been filed."

6

The rule itself states that "[t]he declarant should submit with the Statement any available evidence of the declarant's inability to afford payment of costs." TEX. R. CIV. P. 145(d). A declarant may establish prima facia inability to pay by showing that he is on means-tested government assistance, is represented by legal aid, or that he applied for and qualified for legal aid assistance, even if legal aid opted to allocate its resources by working on other cases. TEX. R. CIV. P. 145(d)(1)–(3). Wommack's affidavit established that he was not receiving government assistance and that he was not represented by legal aid. At the March 27 hearing, Wommack did not contend, nor did he offer any evidence, that he applied and/or qualified for legal-aid representation. Therefore, Wommack did not benefit from the provisions of Rule 145(d)(1)–(3). The burden of proof fell squarely on him. *See* TEX. R. CIV. P. 145(f)(1).

At the hearing, Wommack and the court clerk estimated that the requested records would cost around $1,500.00. In support of his contention that he did not have the ability to pay $1,500.00 for the records, Wommack testified, or included in his March 25 Statement, the following: Wommack received "a rough approximation" of $900.00[4] in income every month, and his monthly expenses were around $819.00. Wommack said that he had approximately $1,107.00 in cash or in his bank accounts. Wommack sold merchandise on eBay, and he maintained his own website where he attempted to sell t-shirts. The website, which was active at the time of the hearing, required a yearly fee. Wommack testified that he had about $18,000.00 worth of inventory listed on eBay and approximately $82,000.00 of non-listed inventory. He also had in his possession approximately $20,000.00 worth of musical instruments, along with a

---

[4]Wommack stated that, in addition to his income, he received $600.00 from "people in [his] household other than [his] spouse."

fifty-percent share in three tracts of land in Morris County that had an estimated total value of $7,615.00. Wommack conceded that he had around $133,722.19 in assets, but he also claimed that, if he sold them, he would make only around $6,235.00. According to Wommack, none of his assets were liquid and, for that reason, he had not attempted to sell them. Likewise, he did not try to get a loan to pay for the court record by using his assets as collateral. Wommack testified that he had a bachelor's degree in biochemistry and a master's degree in chemistry. He also explained that he had credit card debt in the amount of $20,000.00 but, as the trial court noted, he did not present any evidence to support that assertion. In fact, Wommack conceded that he did not intend to present or offer any documentary evidence during the hearing, with the exception of his March 25 Statement. Consequently, Wommack did not meet his burden of proof under Rule 145.

On the record as a whole, we cannot say that the trial court acted arbitrarily or in an unreasonable manner when it determined that Wommack had the ability to pay for the requested records had "he really wanted to" do so. *See Higgins*, 257 S.W.3d at 686.

We overrule Wommack's third point of error.

## III. Conclusion

We affirm the trial court's order.

Jeff Rambin
Justice

Date Submitted: April 28, 2025
Date Decided: June 12, 2025

8